## LYLE W. STEVENS v. MINNESOTA DIVISION OF EMPLOYMENT AND SECURITY AND NORTHERN PACIFIC RAILWAY COMPANY.[1]

May 3, 1940.

No. 32,399.

*Lyle W. Stevens,* pro se.

*A. H. Jacobson* and *George W. Olson,* for respondent Minnesota Division of Employment and Security.

*L. B. daPonte* and *Frederic D. McCarthy,* for respondent Northern Pacific Railway Company.

HOLT, JUSTICE.

This is an appeal from a decision of the director of employment and security, wherein, under 3 Mason Minn. St. 1940 Supp.

[1]Reported in 291 N. W. 890.

§§ 4337-21 to 4337-42, inclusive, in appellant's claim for unemployment compensation, five months' service rendered for respondent in another state was excluded from consideration.

Under the act referred to a fund is created by imposing an obligation on employers to pay to the state treasurer a certain percentage of the employes' pay roll for each year. The facts in respect to plaintiff's claim are these: He is a telegrapher and long-time resident of this state. In August, 1936, after this law was in effect, he applied to respondent for work at St. Paul in its relay telegraph division and was given such work. It appears that respondent has eight relay telegraph divisions along its railway system extending from St. Paul to the Pacific coast, all under the telegraph superintendent at St. Paul; but each division superintendent has the supervision and control of the men working in his territory. If a vacancy, permanent or temporary, occurs it may be filled by designating some available telegrapher from another division to fill it. Seniority rights determine the right to fill a vacancy. When the former occupant of the position returns he resumes it. Such also is the case if one who appears to claim the place by right of superior seniority. In the first part of January, 1937, appellant was sent by respondent to the state of Washington, where he reported and worked as a telegrapher filling vacancies. He worked under the supervision and control of respondent's division superintendent of that state steadily for the first five months of that year. In January, 1938, he filed his claim for unemployment compensation, based upon the wages earned for the year 1937. The director of employment and security excluded from consideration the five months of the year 1937 during which his services for respondent were performed in the state of Washington. Whether this action of the director was right is the only question presented by the appeal.

For the reason that the attorneys of the division of employment and security have appeared and argued the appeal, we pass the anomalous manner in which the claim was presented. Appellant starts this proceeding for unemployment compensation against

his employer. It is plain that the act does not impose any duty or obligation upon respondent in favor of appellant. It is only against the special fund, created by this legislation, that appellant may assert any claim for unemployment compensation. The only duty this law lays upon the employer is to pay the proper amount to the fund. If this is not done, the employe is not authorized to take steps to enforce the law's demands. But, since the procedure is not objected to, the appeal will be disposed of.

The only parts of the act which bear upon the question for decision are these of 3 Mason Minn. St. 1940 Supp. § 4337-22 H(2 and 4), identical with Ex. Sess. L. 1936, c. 2, § 2(h) (2 and 3), in force when the 1937 service was rendered:

"H(2) The term 'employment' shall include an individual's entire service, performed within or both within and without this state if: (a) the service is localized in this state; or (b) the service is not localized in any state but some of the service is performed in this state and (1) the base of operations, or, if there is no base of operations, then the place from which such service is directed or controlled, is in this state; (2) the base of operations or place from which such service is directed or controlled is not in any state in which some part of the service is performed, but the individual's residence is in this state. * * *

"(4) Service shall be deemed to be localized within a state if (a) the service is performed entirely within such state; or (b) the service is performed both within and without such state, but the service performed without such state is incidental to the individual's service within the state, for example, is temporary or transitory in nature or consists of isolated transactions."

Appellant contends his services for the entire year of 1937 were performed under one contract of employment no matter to what state he was sent, and that he was under the direct control of the respondent's superintendent of telegraph at St. Paul. A mere reading of the parts of the statute above quoted would seem to sustain the conclusion of the director that the five months' service rendered by appellant in 1937 was localized in the state of Wash-

ington and that respondent was obligated to pay the percentage the law of that state imposes upon the wages there paid appellant into the special fund of Washington. It is to be noted that it is not the contract of employment that determines which state is to collect the percentage from the employer, but the place where the employe's services are performed, directed, and controlled, and that was in the state of Washington for the five months under the direction and control of the superintendent of the relay division at Seattle. It is appreciated that where the employer is in the transportation business like a railway company this law presents difficult problems when the services of the employes are rendered upon or in charge of trains passing through two or more states every day. But, happily, so far as railways are concerned, their employes are relegated for unemployment compensation to the fund established under federal authority, and to which the fund provided by our act of 1936 has, by L. 1939, c. 443, § 2(D) (3 Mason Minn. St. 1940 Supp. § 4337-23[D]) been transferred.

Moreover, the record discloses that the state of Washington has a law very much like ours (Laws Wash. 1937, c. 162) under which respondent was required to pay to the treasurer of that state the same percentage of its employes' pay roll for the year 1937 as in this state, but the fund thus established was not subject to be drawn upon for unemployment compensation until 24 months after January 1, 1937. So, while respondent has been required to pay the percentage of the wages earned by appellant during the five months of his service in that state, he was not entitled to unemployment benefits out of that fund until 1939. In this situation of the law in the two states it is readily seen that it was not possible for the administrators of these special funds to make an adjustment so as to permit appellant compensation out of the fund in this state upon the basis that the five months' service in Washington should be regarded as rendered here. It is to be admitted that the problem confronting appellant is not pleasant, even were he entitled to unemployment compensation for 1938, which he is not so far as the special fund in the state

of Washington is concerned, to make application in more than one state. But the remedy is with the legislatures and not the courts.

The decision is affirmed.