DANIEL J. COLLINS *v.* THE ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT

MALTBIE, C. J., BROWN, JENNINGS, DICKENSON AND INGLIS, JS.

Argued December 8, 1949—decided February 7, 1950.

*Harry Silverstone,* assistant attorney general, with whom, on the brief, was *William L. Hadden,* attorney general, for the appellant (defendant).

*James F. Rosen,* with whom was *John H. Peck,* for the appellee (plaintiff).

JENNINGS, J. The question to be determined is whether the plaintiff, a salesman who worked for a Connecticut corporation in New York, is entitled to unemployment benefits. The answer depends on whether he can be counted as an employee of Newmarket, Inc., under the provisions of the Unemployment Compensation Act so as to make the four employees which are requisite under the act.

Newmarket, Inc., was a dealer in woolens with its place of business in Stamford, Connecticut. It had at no time contributed to the unemployment compensation fund in Connecticut or elsewhere. It had four

persons in its employ. Three worked in Stamford. The plaintiff was the fourth. He worked as a salesman in New York under direction of the Stamford office. Orders obtained by him were mailed or telephoned to Stamford. He visited Stamford occasionally but these visits were unnecessary. After his employment was terminated, he filed a claim for benefits. The claim was allowed by the commissioner and the administrator appealed to the Superior Court. The appeal was dismissed and the administrator appealed to this court.

To receive benefits, it is necessary for an employee to have been employed by an employer who is subject to the Unemployment Compensation Act. General Statutes § 7507 (3); *Waterbury Savings Bank* v. *Danaher,* 128 Conn. 78, 82, 20 A. 2d 455. An employer must have at least four persons in his employ for a required period of time to be subject to the act. § 7496 (4). The definition of "employment" in the original act was in general terms. Sup. 1937, § 803d. In administering the act, difficulty was encountered in determining the status of out-of-state employees. These difficulties arose mainly from attempts to prevent the payment of duplicate benefits and from the complicated records required of employers. See 1 CCH Unemployment Ins. Serv. ¶ 1380 et seq. To assist in solving this problem, a uniform definition of "employment" was proposed. Ibid. This was adopted in Connecticut. Cum. Sup. 1939, § 1334e. In its present form, § 7495, it reads, in part, as follows:

"(a) (1) 'Employment,' subject to the other provisions of this subsection, shall mean any service, including service in interstate commerce, performed under any express or implied contract of hire creating the relationship of employer and employee.

"(2) The term 'employment' shall include an individual's entire service performed within, or both

within and without, this state, (A) if the service is localized in this state, or (B) if the service is not localized in any state but some of the service is performed in this state, and if (i) the base of operations, or, if there be no base of operations, then the place from which such service is directed or controlled, is in this state, or (ii) neither the base of operations nor the place from which such service is directed or controlled is in any state in which some part of the service is performed but the individual's residence is in this state.

"(3) Services not covered under provision (2) of this subsection (a) and performed entirely without this state, with respect to no part of which contributions are required and paid under an unemployment compensation law of any other state, or of the federal government, shall be deemed to be employment subject to this chapter, if the administrator shall approve the election of the employer for whom such services are performed, that the entire service of the individual performing such services shall be deemed to be employment subject to this chapter.

"(4) Service shall be deemed to be localized within a state if (A) the service is performed entirely within such state, or (B) the service is performed both within and without such state but the service performed without such state is incidental to the individual's service within the state; for example, is temporary, or transitory in nature, or consists of isolated transactions."

It is apparent that (1) states the general requirements of employment and that (2), (3) and (4) cover specific situations. It is also clear that a situation must meet the general conditions of (1) and also one of the specific requirements described in (2), (3) or (4) to fall within the statutory definition. The plaintiff cannot qualify under (2), (3) or (4). The cases

cited by him discuss the applicability of these sub-
sections but do not have sufficient factual similarity
with the case at bar to be of much assistance. See, for
example, *Matter of Mallia,* 273 App. Div. 391, 77 N. Y.
S. 2d 739. *Weinstock* v. *Ellis Coat Co.,* Superior
Court, Hartford County, No. 69380, also involved a
salesman for a Connecticut corporation whose territory
was outside of the state, but the finding shows that he
returned to Connecticut after each trip, made full re-
ports here and planned his next excursion, so that at
least some of his work was done in this state, and the
court concluded that his base of operations was in
Connecticut. There is no such finding in the case at
bar.

The plaintiff refers to a provision in § 7496 which
states: "An employer not previously subject to this
chapter shall become subject to this chapter as follows:
(1) An employer subject to the federal unemployment
tax act for 1941 or any subsequent year shall be sub-
ject to the provisions of this chapter from the begin-
ning of such year if he had one or more employees in
his employment in the state of Connecticut in such
year . . . ." He argues that, because § 7496 (1) limits
the coverage specifically to an employer who has one
or more employees "in the state of Connecticut," the
fact that the quoted words are omitted from § 7495
(a) (1) proves that the latter section was intended to
cover out-of-state employees.

An employer is subject to the federal unemployment
tax if he has eight or more employees, regardless of the
state where they are employed. 49 Stat. 639, 643, 42
U. S. C. §§ 1101, 1107. The provision in § 7496 (1) was
intended to meet a situation where an employer was
subject to that tax but had less than four employees in
this state and so would not otherwise be within the
terms of our act. 1 CCH Unemployment Ins. Serv.

¶ 1303.   He would have to make contributions in this state based upon the wages paid to any person employed within the definition stated in § 7495 (a), and, as the only employees entitled to benefits are those on the basis of whose wages contributions are made, only persons employed within that definition could avail themselves of this provision.   Section 7496 (1) does not qualify the definition of "employment" in § 7495 (a); that definition determines the employees upon the basis of whose wages contributions are to be made and consequently, the employees entitled to benefits under it.

There is no finding that any of the plaintiff's work was performed in Connecticut, and no facts found bring him within any of the statutory provisions which make employers of out-of-state employees liable for contributions to the fund or the employees eligible for benefits.   The Superior Court erred in deciding to the contrary.

There is error, the judgment is set aside and the case is remanded with direction to sustain the appeal.

In this opinion the other judges concurred.