James R. REGNANTE, Appellant–
Petitioner,

v.

The INDIANA UNEMPLOYMENT IN-
SURANCE BOARD: Jamie Andree,
Raymond L. Buchanan, Jr., Nancy
Hitchcox, W. Ken Massengill, Larry
Meeks, Jerry Payne, Howard Snyder,
President, Larry Tedault, Edmund
Thais, and Joseph L. Kivett, Acting Lia-
bility Administrative Law Judge, Appel-
lees–Respondents.

No. 93A02–9203–EX–99 [1].

Court of Appeals of Indiana,
First District.

July 2, 1992.

Transfer Denied Sept. 8, 1992.

James Regnante, pro se.

Linley E. Pearson, Atty. Gen., Robert K.
Robisch, Deputy Atty. Gen., Indianapolis,
for appellees-respondents.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

James R. Regnante appeals the decision
of the Indiana Department of Employment
and Training Services ("IDETS") denying
him Indiana unemployment insurance bene-
fits at the New York rate. We affirm.

## ISSUE

Was IDETS's decision granting Reg-
nante unemployment insurance benefits
only at the Indiana rate contrary to law?

## FACTS

Regnante was an auditor for the Indiana
Department of Revenue ("IDOR") from
1977 to 1990. He performed his services
for IDOR in the State of New York. On
April 20, 1990, IDOR discharged Regnante.
He filed a claim for unemployment benefits
with New York, which was denied. New
York referred Regnante's claim to IDETS.
IDETS determined that Regnante was eli-
gible for Indiana unemployment benefits
under IND.CODE § 22–4–8–2(i). Regnante
appeals the amount of benefits, claiming
that he was entitled to benefits at the New
York rate instead of the Indiana rate.

## DISCUSSION AND DECISION

Initially, Regnante argues that IDOR vi-
olated his rights by its refusal to elect
voluntarily to cover his claims under New
York laws. N.Y.Labor Law § 561 (McKin-
ney 1988) permits an employer who is not
liable for contributions to New York's un-
employment compensation insurance fund
to become liable therefor by voluntarily
electing to do so. Regnante contends that
if IDOR had made a § 561 election, then he
would have received unemployment bene-
fits from New York. Regnante asserts
that IDOR's refusal to make a § 561 elec-
tion is based upon "national origin and
monetary reasons". He fails to present
cogent argument supporting these accusa-
tions; therefore, we do not consider them
further. *See* Ind.Appellate Rule 8.3(A)(7).

Likewise, Regnante contends that his
rights under Title VII of the Civil Rights
Act of 1964, the Equal Pay Act of 1963, the
Fourteenth Amendment of the United
States Constitution, and Article I, Section
21 of the Indiana Constitution were violat-
ed. We do not consider these allegations

1. This case was transferred to this office by order of the Chief Judge on June 15, 1992.

because he fails to present cogent argument in regard to them, and hence, has waived review of them. *See id.; Foster v. Adoption of Federspiel* (1990), Ind.App., 560 N.E.2d 691, 692 (*pro se* litigants must follow the rules of appellate procedure).

Regnante also attacks IDETS's statement that it has no jurisdiction to require New York to consider him employed under New York law. He contends that a reciprocal agreement should have been entered between Indiana and New York pursuant to IND.CODE §§ 22–4–22–1 and –2 and IND.ADMIN.CODE tit. 640, r. 1–12 and r. 1–13 ("r. 1–12" and "1–13"). We first address the State's contention that Regnante's employment was covered by I.C. § 22–4–8–2(b), and therefore, I.C. §§ 22–4–22–1 and –2 are not applicable. We disagree with the State's interpretation of I.C. § 22–4–8–2(b). The statute provides:

"The term 'employment' shall include:

(b) An individual's entire service performed within or both within and without this state if the service is not localized in any state, but some of the service is performed in this state ..."

I.C. § 22–4–8–2(b). Regnante performed his services for IDOR in New York, not Indiana. Therefore, the service is deemed to be localized within New York. *See* I.C. § 22–4–8–2(e) (service localized if performed entirely within such state). The remaining subsections of I.C. § 22–4–8–2(b), particularly (A) and (C), are not triggered because Regnante's service was localized in New York. I.C. § 22–4–8–2(b) is not applicable to Regnante's situation.

The decision in *Collins v. Administrator, Unemployment Compensation Act* (1950), 136 Conn. 387, 71 A.2d 604, supports our holding that Regnante's employment is not covered by I.C. § 22–4–8–2(b). The Connecticut court found that a salesman had not been "employed"[2] to be eligible for Connecticut unemployment benefits. The salesman was employed by a Connecticut corporation, but performed all of his work outside of Connecticut in New York. Because the out-of-state employee/salesman failed to satisfy § 7495's definition of "employment" or any other statutory provision entitling him to benefits, he was not eligible for Connecticut unemployment benefits. *Id.* at 392, 71 A.2d at 606. Similarly, Regnante's services were localized within New York. He has not met the definition of "employment" in I.C. § 22–4–8–2(b). *See Story v. Reed, Roberts Associates, Inc.* (1967), 28 A.D.2d 1186, 284 N.Y.S.2d 556 (services of claimant were localized within Florida so employment by New York company was not employment under New York law); *In re Boyle* (1962), 15 A.D.2d 699, 223 N.Y.S.2d 370 (claimant employed by New York company, but worked entirely in Connecticut did not qualify for New York unemployment benefits because his work was localized in Connecticut); *see also Stevens v. Division of Employment & Security* (1940), 207 Minn. 429, 291 N.W. 890 (no "employment" in Minnesota where employee performed all work outside of state).

We return to Regnante's argument that I.C. §§ 22–4–22–1 and –2 and r. 1–12 and r. 1–13 should have been followed. When subsections I.C. §§ 22–4–8–2(a) and (b) do not apply, I.C. § 22–4–8–2(c) provides that services performed entirely without this state, where no part of which contributions are required and paid under an unemployment compensation law of any other state, may be deemed employment subject to I.C. § 22–4–8–1 *et seq.*, if the department approves the election of the individual performing the services. This election must be made in accordance with an agreement complying with I.C. §§ 22–4–22–1 through 22–4–22–5. I.C. § 22–4–8–2(d). The Unemployment Insurance Board is authorized to enter reciprocal agreements with other states concerning employees working in Indiana and another state for a single employer when such situations are not provided for by IND.CODE § 22–4–8–2(b). *See* I.C. § 22–4–22–1. Regnante also cites r. 1–12 and r. 1–13, which approve of reciprocal agreements being arranged regarding employees performing services in more than

---

**2.** Connecticut law has the same definition of "employment" as Indiana. *See* Conn.Gen.Stat. § 7495.

one state. Regnante fails to recognize that these statutes and regulations are not available to him because he did not perform services in more than one state.

Upon finding the statutes cited by both parties are not decisive here, we affirm IDETS's decision that Regnante was eligible for unemployment benefits at the Indiana rate. However, IDETS mistakenly quoted I.C. § 22–4–8–2(i) as being the applicable section. This section refers to state employees at hospitals and higher education institutions. The next subsection, I.C. § 22–4–8–2(i)(1), is the correct portion which includes Regnante's employment as covered by the act. I.C. § 22–4–8–2(i)(1) provides that employment under the unemployment compensation act includes "service performed after December 31, 1977, by an individual in the employ of this state or ... any instrumentality of the state...." Regnante was an Indiana state employee regardless of the situs of his employment, and therefore, was covered under I.C. § 22–4–8–2(i)(1). We uphold the determination that Regnante was an insured worker under the act and eligible for unemployment benefits at the Indiana rate.

Affirmed.

BUCHANAN and SHARPNACK, JJ., concur.