**Paul A. YOUNG and Ruby M. Young, Appellants–Plaintiffs,**

v.

**Beth BUTTS, Michael E. Buchanan and United Refrigeration, Appellees–Defendants.**

No. 32A05–9607–CV–307.

Court of Appeals of Indiana.

Sept. 16, 1997.

---

148

David W. Stewart, Phillip Stewart & Associates, Carmel, for Appellants–Plaintiffs.

William W. Drummy, John Christopher Wall, Wilkinson, Goeller, Modesitt, Wilkinson & Drummy, Terre Haute, Richard S. Ewing, Thomas E. Scifres, Stewart & Irwin, Indianapolis, for Appellees–Defendants.

## OPINION

BARTEAU, Judge.

Paul and Ruby Young (Youngs) appeal the grant of a Motion for Directed Verdict in favor of the defendants Beth Butts, Michael Buchanan,[1] and United Refrigeration, Inc. The Youngs raise one issue, which we restate as whether the trial court properly granted the defendants' motion for Judgment on the Evidence.

We affirm and remand for the imposition of sanctions against counsel for the Youngs.

---

1. Young does not argue on appeal that a directed verdict in favor of defendant-appellee Michael Buchanan was improper, so we do not address Buchanan independently of his employer, United Refrigeration.

## FACTS

On March 6, 1992, Paul Young was driving westbound toward Plainfield Indiana on Interstate Highway 70 when he pulled over onto the emergency berm of the highway to check the directions to his destination. He did not have any emergency that prompted him to pull over. At about the same time, Michael Buchanan was also driving westbound on I–70 in a truck owned by his employer, United Refrigeration. Beth Butts was driving westbound some 12 car lengths behind Buchanan.

As Buchanan passed Young's car, Buchanan's truck transmission malfunctioned, causing the engine to fail. When it did, it emitted white smoke from under the hood. Because he thought the truck might be on fire, Buchanan immediately pulled onto the emergency berm ahead of the spot where Young was stopped.

When Buchanan's engine failed, Butts drove into the smoke and was unable to see anything ahead of her on the highway. She was not aware of what had caused the smoke or what vehicles were in front of her, so she immediately pulled onto the emergency berm. When she did so, her car hit Young's car.

The defendants moved for judgment on the evidence after Young presented his case to the jury. The trial judge granted the motion,[2] finding that there was a complete lack of evidence that any defendant was negligent in any way, and further finding that Butts was confronted with a sudden emergency. The trial court went on to find that even if Young's bringing of the action was not frivolous, the maintenance of the action after discovery was completed was frivolous.[3]

## JUDGMENT ON THE EVIDENCE

■ On appeal, we use the same standard as the trial court in determining the propriety of a judgment on the evidence.

*Dahlin v. Amoco Oil Corp.*, 567 N.E.2d 806, 810 (Ind.Ct.App.1991), *trans. denied.* When the trial court considers a motion for judgment on the evidence, it must view the evidence in a light most favorable to the non-moving party. Judgment may be entered only if there is no substantial evidence or reasonable inference to be drawn therefrom to support an essential element of the claim. *Id.; Sipes v. Osmose Wood Preserving Co.*, 546 N.E.2d 1223, 1224 (Ind.1989). We will not consider bald assertions made in an appellate brief in deciding whether there is conflicting evidence sufficient to preclude a judgment on the evidence. *See Pitcock v. Worldwide Recycling, Inc.*, 582 N.E.2d 412, 416 (Ind.Ct.App.1991) (noting that bald assertions in an appellate brief would not be considered in determining whether genuine issue of fact existed for summary judgment purposes).

Young's argument that there was conflicting evidence or reasonable inferences to be drawn therefrom sufficient to preclude judgment on the evidence consists of "bald assertions" at best, and of affirmative misrepresentations of the record at worst.

■ With regard to United Refrigeration, Young appears to be arguing that an absence of evidence, specifically the unavailability at trial of a maintenance log book for United's truck, gives rise to an inference of negligence and thus makes judgment on the evidence improper. He states, without explanation or citation to authority, that the "lack of significant evidence draws inconsistent inferences by differing minds." Brief of Appellant at 8. The purpose of a motion for judgment on the evidence is to test the legal sufficiency of evidence. *City of Crawfordsville v. Michael*, 479 N.E.2d 102, 103 (Ind.Ct. App.1985), *trans. denied.* When the issues tried are not supported by sufficient evidence, the trial court is to withdraw those issues from the jury and enter judgment on them. Ind.Trial Rule 50(A). Thus, to the

---

**2.** We note that Young's counsel failed to include in his Statement of the Case a verbatim statement of the trial court judgment as required by Ind.Appellate Rule 8.3(A)(4). Young's Statement of the Case also includes argument, which is inappropriate in that section of an appellate brief.

**3.** Young does not challenge on appeal the trial court's finding that the maintenance of the action after discovery was completed was frivolous.

extent Young's argument is based on the *absence* of evidence, it supports the grant of a directed verdict for the defendants.

█ Young also contends that an inference of negligence in the maintenance of United's truck can be drawn from conflicting information concerning where maintenance of the truck was performed. We note that the page of the record to which Young's counsel refers us in support of this assertion contains no evidence or testimony whatsoever. Instead, it is an argumentative characterization, *by Young's own counsel,* of United's alleged lack of cooperation in discovery. At that page in the record, Young's counsel was asking the court to default United for not cooperating in discovery. The trial court denied Young's motion. R. at 450. Furthermore, even assuming there was a lack of cooperation in the discovery process, Young's counsel fails to explain how an inference of negligence on the part of United is to be drawn from a discovery dispute. Because Young's counsel has not favored us with a cogent argument supported by legal authority and references to the record as our rules require, *see* Ind.Appellate Rule 8.3(A)(7), we are unable to consider his assertions on appeal.

With regard to Beth Butts, Young's counsel again argues that there were a number of factual inconsistencies which should have been resolved by the jury. However, the evidence noted by Young's counsel does not demonstrate "inconsistencies," and in some instances, is not even "factual." Rather, a large part of his argument is based upon affirmative misrepresentations of the evidence in the record.

Young's counsel first characterizes as "inconsistent" the testimony by Young that while he was parked on the emergency berm, he could see United's truck through the smoke it was emitting, and the testimony by Butts that she could not see through the smoke as she followed behind the truck. Young's counsel does not explain why the ability to see a passing truck from the side through smoke is "inconsistent" with the inability to see it from behind, especially in light of testimony that the smoke went "over" the truck. R. at 353.

Young's counsel also characterizes as a factual "discrepancy" testimony by Butts that she could see no emergency flashers on Young's vehicle and her testimony that she did not see his car before she hit it. Young's counsel provides no cogent argument explaining how inability to see a car is inconsistent with inability to see the lights on the same car. So, we are once again unable to review his allegation of error.

Finally, Young's counsel argues that there is a factual inconsistency, to be resolved by the jury, regarding whether Butts was exceeding the speed limit. Young first argues there was conflicting testimony about Butts' speed. However, Young's counsel only refers us to testimony in the record that she was traveling 60 miles per hour, and does not direct us to any evidence in the record with which that testimony is in conflict. Because counsel does not direct us to any evidence that she was traveling at any speed other than 60 miles per hour, we are unable to respond to Young's argument that this "inconsistency" should be resolved by a jury.

Young's counsel goes on, however, to argue that there was evidence Butts· was speeding at the time of the accident. We address Young's argument only because it is based on remarkable mischaracterizations and blatant misstatements of the evidence in the record.

After noting that Butts testified she was driving 60 miles per hour, Young's counsel flatly asserts that the "speed limit in this area was posted at fifty-five (55) miles per hour." Brief of Appellant at 9. Young's counsel does not direct us to any evidence in the record in support of that assertion, and our independent search of the record does not reveal any. Rather, the testimony in the record, including that of the police officer who investigated the accident, was that the speed limit was 65 miles per hour.

Young's counsel compounds the effect of his misrepresentation of the evidence of the speed limit when he states that Butts "admitted in her testimony that she had been traveling at a rate of speed in excess of the limit for that particular area. (R. at 474). This admission, made under oath, is evidence that Defendant–Appellee, Beth Butts, was speeding." Brief of Appellant at 10. The page of

the record to which Young's counsel directs us simply contains no such admission nor any statement which could be interpreted as such an admission.

Finally, we acknowledge Young's argument that the trial judge should have allowed the jury to consider the application of the "sudden emergency doctrine" defense which had been raised at trial. However, since we agree with the trial court that there was no evidence of any negligence on the part of any defendant, we need not address that defense.

### APPELLATE ATTORNEY'S FEES

■ Indiana Appellate Rule 15(G) provides that when we affirm a judgment, damages may be assessed in favor of the appellee. Such an award of damages is proper if the appeal is "permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay." *Orr v. Turco Mfg. Co., Inc.*, 512 N.E.2d 151, 152 (Ind. 1987). The sanctions available under rule 15(G) are punitive, so they may not be imposed to punish lack of merit unless an appellant's contentions and argument are utterly devoid of all plausibility. *Id.* at 153. Because the arguments of Young's counsel are devoid of plausibility, and because counsel's actions in executing this appeal amply demonstrate bad faith as well as meritlessness, sanctions are warranted.

■ As discussed in detail above, Young's counsel makes a number of affirmative misrepresentations of the evidence in the record, which misrepresentations are particularly offensive because they would, if true, directly affect the propriety of the trial court grant of judgment on the evidence. Most notably, counsel's mischaracterization of the evidence as suggesting Butts was speeding might, by itself, provide a sufficient basis for reversal of the trial court's judgment on the evidence. While violation of a motor vehicle statute does not necessarily demonstrate negligence as a matter of law, it does create a rebuttable presumption of negligence. *Claxton v. Hut-*

*ton,* 615 N.E.2d 471, 474 (Ind.Ct.App.1993). The presumption can be overcome by evidence that the person who violated the statute acted reasonably, and whether a person acted reasonably is generally a question for a jury. *Id.*

We note further that the brief prepared by Young's counsel is deficient in a number of other particulars. As noted earlier, the statement of the case does not comply with Ind.Appellate Rule 8.3(A)(4) because there is no verbatim statement of the judgment being appealed and because it includes argument. On those occasions in his argument section where Young's counsel refers us to legal authority as support for his arguments, counsel does not favor us with pinpoint citations to help us determine where, within a decision, support for his contentions may be found, or even whether support can be found in that decision at all. In fact, there is not a single pinpoint citation to be found anywhere in counsel's eight page argument.

■ We demand cogent argument supported with adequate citation to authority because it promotes impartiality in the appellate tribunal. A court which must search the record and make up its own arguments because a party has not adequately presented them runs the risk of becoming an advocate rather than an adjudicator. *Keller v. State,* 549 N.E.2d 372, 373 (Ind.1990). A brief should not only present the issues to be decided on appeal, but it should be of material assistance to the court in deciding those issues. *Hebel v. Conrail, Inc.,* 475 N.E.2d 652, 659 (Ind.1985). On review, we will not search the record to find a basis for a party's argument, *id.,* nor will we search the authorities cited by a party in order to find legal support for its position.[4]

For the reasons set out above, we find Young's appeal to be frivolous, wholly without merit, and brought in bad faith, and we believe that sanctions should be imposed.

4. Citations to cases in briefs should follow the format put forth in the current edition of a Uniform System of Citation (Bluebook). Ind.Appellate Rule 8.2(B)(1). When referring to specific material within a source, a citation should include both the page on which the source begins and the page on which the specific material appears. Uniform System of Citation Rule 3.3 (16th ed. 1996).

## CONCLUSION

We affirm the trial court grant of judgment on the evidence and, pursuant to App.R. 15(G), we remand this cause to the trial court for a determination of the appropriate amount of damages to be awarded the defendants for the defense of this appeal.

SHARPNACK, C.J., and CHEZEM, J., concur.