# FOR PUBLICATION



ATTORNEYS FOR APPELLANTS:

**EDWARD L. MURPHY, JR.**
**WILLIAM A. RAMSEY**
Murphy Ice & Koeneman LLP
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**MARY A. FINDLING**
Findling Park & Associates, P.C.
Indianapolis, Indiana

**MICHAEL J. WOODY**
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

_____

| | | |
|---|---|---|
| ROGER JAY PIATEK, M.D., and THE PIATEK INSTITUTE, | ) ) ) | |
| Appellants-Defendants, | ) ) | |
| vs. | ) ) | No. 49A04-1209-CT-463 |
| SHAIRON BEALE, | ) ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable David A. Shaheed, Judge
Cause No. 49D01-0711-CT-51055

**August 15, 2013**

**OPINION ON REHEARING - FOR PUBLICATION**

**MAY, Judge**

Roger Jay Piatek, M.D., and the Piatek Institute (collectively "Piatek") petition for rehearing of our decision dated May 20, 2013, affirming the jury verdict against Piatek and in favor of Shairon Beale ("Beale"). We grant the petition for rehearing in order to address an argument Piatek advanced on appeal and to note a mischaracterization of the record by Piatek's counsel in their rehearing petition. We reaffirm our original opinion.

In his appeal of this medical malpractice verdict, Piatek argued, among other things, that the trial court should have instructed the jury on Beale's contributory negligence. We found no error, as there was no evidence of conduct on Beale's part that contributed to the harm she suffered. *Piatek v. Beale,* 2013 WL 2154773 at *5 (Ind. Ct. App. 2013).

On rehearing, Piatek argues the trial court should have given a contributory negligence instruction because Beale did not provide Piatek with an accurate medical history. Before we consider that argument, we must address Piatek's egregious mischaracterization of the record in the Petition for Rehearing.

Piatek says "Beale herself asserts that Dr. Piatek's lack of her accurate medical history was the proximate cause of her harm." (Appellant's Petition for Rehearing at 2.) Piatek directs us to three places in the trial transcript, none of which reflect Beale ever made any such assertion, or even suggest she might have. Not only is there no support at those places in the transcript for Piatek's statement, the pages to which Piatek directs us do not even include evidence. Rather, all are from opening or closing statements by counsel. It is axiomatic that the arguments of counsel are not evidence. *See Young v.*

2

*Butts,* 685 N.E.2d 147, 150 (Ind. Ct. App. 1997) (arguments of counsel constitute no evidence whatsoever).

In *Young*, Butts testified she was driving 60 miles per hour. On appeal, Young's counsel stated the speed limit was fifty-five and asserted Butts was therefore speeding. There was no evidence in the record to support that assertion; rather, the testimony in the record was that the speed limit was 65 miles per hour. Young's appellate counsel then stated Butts "admitted in her testimony that she had been traveling at a rate of speed in excess of the limit for that particular area. . . . This admission, made under oath, is evidence that Defendant-Appellee, Beth Butts, was speeding." *Id.* The page of the record to which Young's counsel directed us contained no such admission nor was there any statement that could be interpreted as such an admission.

We found the misrepresentations by Young's counsel "particularly offensive," *id.* at 151, because they would, if true, directly affect the propriety of the trial court's judgment. Because of the misstatements and various deficiencies in Young's brief, we found Young's appeal frivolous, without merit, and brought in bad faith, and we remanded for a determination of the appropriate amount of damages to be awarded Butts for the defense of the appeal. *Id.* at 151-52.

The misrepresentation by Piatek's counsel is offensive for the same reason: had Beale "herself assert[ed] that Dr. Piatek's lack of her accurate medical history was the proximate cause of her harm," (Appellant's Petition for Rehearing at 2), such a statement would have directly affected the propriety of the trial court's judgment.

3

We note this misrepresentation in Piatek's petition for rehearing came after we noted a number of deficiencies in the brief Piatek's counsel submitted on appeal. Those deficiencies included raising allegations not referred to in the Statement of the Issues as required by Indiana Appellate Rule 46(A)(4), 2013 WL 2154773 at *1 n.1; a transcript submitted with pages out of order, in violation of App. R. 28, *id*.; allegations of error unsupported by explanation or citation to legal authority, *id*.; and mischaracterization of certain testimony. *Id*. at *5 n.8.

As for Piatek's argument on rehearing that a contributory negligence instruction was required because Beale did not provide an accurate medical history, we reaffirm our decision. We acknowledge case law that indicates a patient may be contributorily negligent if she gives her doctor false or incomplete information when she is capable of providing an accurate history. *See*, *e.g., Fall v. White,* 449 N.E.2d 628, 633 (Ind. Ct. App. 1983). Dr. Piatek asked Beale if she had ever before taken Armour Thyroid. She said she had, sometime in the 1990s, and had no problems with it. That statement was incorrect. Beale had forgotten that, because of a prescribing error in the 1990s, she had at one point taken four times the correct dosage[1] and it made her dizzy.

That Beale did not remember the 1990s prescribing error did not require a contributory negligence instruction. Contributory negligence is conduct on the part of the

[1] Piatek's counsel does not, in his petition for rehearing, acknowledge Beale's reaction to Armour Thyroid came after she took four times the correct dosage. He says only "Beale herself now admits that she had previously suffered a negative reaction to Armour Thyroid." (Appellant's Petition for Rehearing at 2.)

4

plaintiff that contributes as a legal cause to the harm she has suffered and that falls below the standard to which she is required to conform for her own protection. *Id*. at 634. There was no evidence Beale's non-disclosure that she had, years before, experienced dizziness when she took four times the proper amount of Armour Thyroid contributed as a legal cause to the harm she suffered. Specifically, there was no evidence Dr. Piatek would not have prescribed a normal dosage of Armour Thyroid if he had known Beale had an adverse reaction years before to a dosage that was four times the proper amount.

We grant Piatek's petition for rehearing[2] and reaffirm our original decision in all respects.

BAKER, J., and MATHIAS, J., concur.

---

[2] Piatek submitted a Motion for Leave to Amend Appellant's Petition for Rehearing to correct an erroneous citation to the transcript. In light of our disposition of this rehearing request, we have by separate Order denied the Motion as moot.