**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 08 2013, 5:27 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**ANDREW BRIDGFORD**
Muncie, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANDREW BRIDGFORD, | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 73A01-1303-DR-111 |
| | ) | |
| JULIE K. BRIDGFORD, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE SHELBY SUPERIOR COURT
The Honorable Jack A. Tandy, Judge
Cause No. 73D01-1108-DR-152

**October 8, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

Andrew Bridgford, pro se, appeals the trial court's "Entry on Pending Motions" filed by him and his ex-wife, Julie. Because Bridgford has failed to substantially comply with the Indiana Rules of Appellate Procedure, we must dismiss his appeal.

It is well settled that "[a] litigant who chooses to proceed pro se will be held to the same established rules of procedure that trained legal counsel are bound to follow. Also, the fact that he is proceeding pro se does not excuse him from complying with appellate rules." *Foster v. Adoption of Federspiel*, 560 N.E.2d 691, 692 (Ind. Ct. App. 1990) (citation omitted). We prefer to decide cases on their merits, but "[d]ismissing an appeal may be warranted where an appellant fails to substantially comply with the appellate rules." *Novatny v. Novatny*, 872 N.E.2d 673, 677 (Ind. Ct. App. 2007). As detailed below, Bridgford has failed to substantially comply with the appellate rules, such that dismissal is warranted here.

To begin with, the seven issues listed in the statement of issues section of Bridgford's brief are not concise, as required by Appellate Rule 46(A)(4), are improperly argumentative, and are not addressed in any logical sequence, if at all, in the argument section of the brief. Bridgford's statement of the case is also improperly argumentative and fails to mention the motions addressed in the trial court's ruling. Bridgford failed to file an appellant's appendix, as required by Appellate Rule 49(A), which should have included a copy of those motions pursuant to Appellate Rule 50(A)(2)(f). Bridgford's statement of facts does not contain a single citation to the record on appeal, as required by Appellate Rule 46(A)(6)(a), and thus is essentially an unsubstantiated account of the proceedings from his perspective.

Bridgford's statement of facts is also improperly commingled with the argument section of his brief, in which he refers to numerous documents outside the record and baldly accuses his ex-wife of perjury. Bridgford's argument does not contain a "concise statement of the applicable standard of review," as required by Appellate Rule 46(A)(8)(b), and his contentions are not "supported by cogent reasoning," as required by Appellate Rule 46(A)(8)(a). Bridgford's brief contains lengthy excerpts from the Indiana Child Support and Parenting Time Guidelines and supporting commentary, but he fails to explain how those provisions should be applied to the issues raised. "On review, we will not search the record to find a basis for a party's argument, nor will we search the authorities cited by a party in order to find legal support for its position." *Young v. Butts*, 685 N.E.2d 147, 151 (Ind. Ct. App. 1997) (citation omitted). Bridgford contends that the trial court erred in excluding certain evidence, ruling on certain issues, finding him in contempt, and allegedly exhibiting bias in favor of his ex-wife, but those contentions are merely personal opinions unsupported by any caselaw or other relevant legal authority.[1]

This Court has stated,

> We demand cogent argument supported with adequate citation to authority because it promotes impartiality in the appellate tribunal. A court which must search the record and make up its own arguments because a party has not adequately presented them runs the risk of becoming an advocate rather than an adjudicator. A brief should not only present the issues to be decided on appeal, but it should be of material assistance to the court in deciding those issues.

---

[1] In its order, the trial court stated that it could "empathize with Mother's thinking" about not wanting to change health insurance coverage that would cause a change in her son's doctors and therapist. Bridgford responds by quoting two judicial conduct canons, which, contrary to his implication, do not prohibit a judge from expressing empathy for a party or equate empathy with bias.

*Id*. (citation omitted).

Bridgford has failed to comply with the appellate rules in many other respects, but the foregoing examples are sufficiently substantial to warrant the dismissal of his appeal. Therefore, we dismiss.

Dismissed.

BARNES, J., and PYLE, J., concur.