**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 10 2013, 5:28 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JILL A. GONZALEZ**
Muncie, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RYAN THOMAS JOHNSTON, | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 29A02-1212-CR-1014 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE HAMILTON SUPERIOR COURT
The Honorable Wayne A. Sturtevant, Judge
Cause No. 29D05-1001-FD-464

October 10, 2013

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Ryan Thomas Johnston pled guilty to class D felony operating while intoxicated ("OWI") causing serious bodily injury and was placed on probation. The State alleged that he violated his probation by consuming alcohol; committing several offenses, including OWI; and failing to timely report those charges to the probation department. At a factfinding hearing, Johnston admitted that he violated his probation by consuming alcohol and failing to timely report the charges. The State presented evidence that Johnston also operated a vehicle while intoxicated. The trial court found that Johnston violated his probation as alleged and specifically found that his admission to consuming alcohol was alone sufficient to justify revoking his probation. Johnston raises several issues on appeal, all of which are waived for failure to present a cogent argument. Therefore, we affirm.

**Facts and Procedural History**[1]

In August 2008, Johnston ran a stop sign in Hamilton County and crashed into another vehicle, seriously injuring one of its occupants. In February 2011, he pled guilty to class D felony OWI causing serious bodily injury in exchange for the dismissal of three other charges and an agreed-upon sentence of 820 days, with ninety days executed and 730 days suspended to probation. Johnston was released to probation on March 5, 2011. Among the conditions of his probation were that he comply with all laws and contact his probation officer within

---

[1] We thank the State for its evenhanded and detailed recitation of the relevant facts and procedural history in its brief. If we had to rely on the cursory and inappropriately argumentative statement of the case and statement of facts in Johnston's brief, we would have no idea about what actually happened here.

forty-eight hours of being arrested for or charged with a new criminal offense (Condition 2) and that he not possess or consume alcoholic beverages (Condition 18).

Around 9:30 p.m. on September 29, 2012, James and Jessica Feltz were traveling southbound on Interstate 65 when they were tailgated by a vehicle in which two men were visible. James exited the highway. The tailgaters' vehicle pulled up beside the Feltzes' vehicle, and the passenger yelled at them and pounded on James's window. The Feltzes called the police and provided a description of the vehicle and a partial license plate number. Lebanon Police Department Sergeant Tibbs[2] subsequently located the suspect vehicle in a liquor store parking lot. Shortly thereafter, Officer Ben Phelps arrived in the parking lot and saw Johnston and Jeremiah Kincaid standing next to the vehicle. Sergeant Tibbs told Officer Phelps that when he found the vehicle, Kincaid was in the passenger's seat and Johnston was inside the liquor store purchasing alcohol. Officer Brian Spencer met the Feltzes in a restaurant parking lot and led them to the liquor store parking lot to identify the suspects. The Feltzes identified Kincaid as the person who had pounded on their car window. Officer Spencer gave Johnston a portable breath test ("PBT"), which was positive for alcohol. A subsequent chemical test indicated that his alcohol concentration was .18.

On September 29, 2012, Johnston was charged in Boone County with six offenses, including several OWI charges. On October 2, 2012, Johnston's probation officer filed a probation violation notice alleging that he had violated Condition 2 by committing the charged offenses and failing to timely notify his probation officer and violated Condition 18

---

[2] Sergeant Tibbs's first name is not mentioned in the record.

by consuming alcohol. A factfinding hearing was held November 19, 2012. At the beginning of the hearing, Johnston admitted that he violated Condition 2 by failing to timely notify his probation officer of the charges and violated Condition 18 by consuming alcohol. The court found that Johnston had "violated those particular conditions as stated" and allowed the State to "go forward with the fact-finding on the matters that [had] not been admitted …." Tr. at 7.

The State first called Kincaid, who admitted that he had been a passenger in the vehicle with Johnston on the night of September 29. After both sides finished questioning Kincaid, the court asked him, "[J]ust for my clarification, was there anyone else in the vehicle other than you and Mr. Johnston?" *Id*. at 12. Kincaid replied, "Can I take the 5th on that or --" *Id*. Johnston's counsel questioned Kincaid, who acknowledged that he had been charged with a crime as a result of the events of September 29 and believed that his answer could "affect that crime that [he was] charged with." *Id*. at 13. The prosecutor responded,

> [A] simple factual question of whether you're in the car, and was there anyone else in the car besides you and Mr. Johnston does not implicate him in terms of what happened later, what he did, what he did not do, what he had in his body, what he didn't have in his body. Simply a factual question.

*Id*. at 13-14. The court then ordered Kincaid to answer the question, saying, "[Y]ou've already stated you're in the car … with Mr. Johnston. I'm not asking you to incriminate yourself in any activity. I'm just asking if there's anyone else in the … car when the police stopped that car." *Id*. at 14. Kincaid replied, "No, Your Honor." *Id*.

The State then called Officer Phelps, who testified about his involvement in the incident. Over objection, he testified that Sergeant Tibbs told him that when he saw the

4

vehicle matching the Feltzes' description in the liquor store parking lot, Kincaid was in the passenger seat and Johnston was inside the store purchasing alcohol. Officer Phelps also testified that Johnston's "eyes were glassy and he had an odor associated with that of an intoxicating beverage emanating from his person" and that he "was just uncooperative." *Id*. at 22.

Next, the State called Officer Spencer, who testified about what the Feltzes had told him regarding their encounter with the tailgating vehicle and their identification of Kincaid as the passenger who had yelled at them and pounded on their window. Over objection, Officer Spencer testified that the Feltzes "identified Mr. Johnston as the driver." *Id*. at 33. He also testified that he gave Johnston a PBT, which was positive for alcohol, and that Johnston had "glassy eyes" and an "odor commonly associated with an alcoholic beverage coming from his person." *Id*. at 34. Finally, Officer Spencer testified that he transported Johnston to jail and administered a chemical test, which indicated that his alcohol concentration was .18.

Finally, the State called Hamilton County probation officer Jessica Solomon, who testified that Johnston had not notified the probation department within forty-eight hours of the criminal charges being filed in Boone County, in violation of Condition 2 of his probation. Neither Sergeant Tibbs nor the Feltzes were called to testify.

After both sides rested and gave arguments, the trial court said,

> [T]here have been some confrontation clause issues raised due to some of the testimony in this case, and they do raise some concerns with the Court. Ultimately, though, State's Exhibit Number 1 was admitted without objection, and it contained the probable cause affidavit of Officer Phelps, which also

contains additional information about who was driving the vehicle and Mr. Johnston's condition at the time … of the stop. So based upon all of the evidence that was presented, the Court does find that the Defendant has violated condition number 2 as alleged in the Information of Violation of Probation. I should also note that although I agree that Mr. Kincaid did not point out Mr. Johnston as being the driver of the vehicle, he said it was only Mr. Johnston and himself in the vehicle, ultimately he said he was not the driver. So, I will find Mr. Johnston has violated condition number 2 in addition to the allegations that he's admitted to already. We will proceed at this time with disposition.

*Id*. at 47.

Both sides questioned Johnston and gave arguments. The trial court said,

Mr. Johnston, I believe and I have found here today that you did operate a vehicle while intoxicated in violation of your probation. *But just the admissions alone that you've made here today, particularly the admission to consuming alcohol, is enough in my mind to cause your probation to be revoked.* And I say that because starting with the nature of the -- the offense for which you're on probation, and this was not a first offense OWI where there was no injury involved. You were convicted of Operating While Intoxicated Causing Serious Bodily Injury. If I recall the facts correctly from the PSI, there was a -- you T-boned a car when you ran through a stop sign causing one of the occupants to be severely injured, or seriously injured. So in your particular situation, I would have hoped that you'd never consume alcohol again, and that was one of the terms of your probation, and you violated that. I don't feel I can trust you out anymore. But if we take it a step further, there's evidence here today that you haven't denied or attempted to refute that you actually drank alcohol to intoxication. So that aggravates the situation even more in my mind. The bottom line here today, Mr. Johnston, is your probation is revoked.

*Id*. at 59 (emphasis added).

On December 19, 2012, Johnston's current counsel, who did not represent him at the hearing, filed a notice of appeal from the trial court's ruling. On March 28, 2013, Johnston's counsel deposed the Feltzes, both of whom testified that they saw only two people in the tailgating vehicle and that they could identify the passenger, Kincaid, but not the driver. On

6

April 17, 2013, Johnston's counsel filed with the trial court a motion to set aside sentence under Indiana Trial Rule 60(B)(3), asserting that that Officer Phelps "gave hearsay evidence as to what witnesses at the scene had allegedly told him that [Johnston] was driving the vehicle in question" and that "because of this fraud or misrepresentation upon this court defendant would request the court to set aside its previous sentence and to hear evidence as to what the witnesses actually observed and to consider that before resentencing [Johnston]." Appellant's App. at 124. On the same date, Johnston's counsel filed with this Court a motion to remand. On May 3, 2013, we issued an order remanding to the trial court to allow it to consider Johnston's Trial Rule 60(B)(3) motion.

On May 28, 2013, the trial court held a hearing on Johnston's motion. Johnston has not provided us a transcript of that hearing. On May 29, 2013, the trial court issued an entry that reads in pertinent part as follows:

> The parties agree that the Defendant did violate his probation as previously found and advise they simply want to modify the Defendant's sentence placement. The Court declines to accept the parties' agreed modification.
>
> The State concedes that misleading information was presented to the Court at the time of the original fact-finding/dispositional hearing. The Defendant's Motion to Set Aside Sentence Under Trial Rule 60(b)(3) is therefore granted. The Court strikes from the record the testimony of the officer that the two witnesses involved identified the Defendant as the driver and will not consider that evidence. The Court notes that the balance of the record remains intact.
>
> The parties proceed to a new dispositional hearing, and the parties rest on the record previously made as now modified by the Court. The Court re-imposes the original disposition without reliance on the information from the officer that was misleading and therefore excluded.

*Id*. at 88-89.  The parties then filed their respective appellate briefs.

**Discussion and Decision**

Johnston raises four issues, all of which are waived.  Indiana Appellate Rule

46(A)(8)(a) provides that the argument section of an appellant's brief "must contain the

contentions of the appellant on the issues presented, supported by cogent reasoning.  Each

contention must be supported by citations to the authorities, statutes, and the Appendix or

parts of the Record on Appeal relied on, in accordance with Rule 22."  Appellate Rule

46(A)(8)(b) provides that the argument section of an appellant's brief "must include for each

issue a concise statement of the applicable standard of review."  Johnston's brief includes no

citations to relevant authority and no standards of review, and his arguments are perfunctory

at best.  We demand "'cogent argument supported with adequate citation to authority because

it promotes impartiality in the appellate tribunal.  A court which must search the record and

make up its own arguments because a party has not adequately presented them runs the risk

of becoming an advocate rather than an adjudicator.'" *Thomas v. State*, 965 N.E.2d 70, 77 n.2

(Ind. Ct. App. 2012) (quoting *Young v. Butts*, 685 N.E.2d 147, 151 (Ind. Ct. App. 1997)),

*trans. denied*.

Johnston first contends that the trial court erred in "refusing to allow [Kincaid] to

refuse to answer questions under his Fifth Amendment Rights as allowed under the United

States Constitution[.]"  Appellant's Br. at 8.[3]  Johnston asserts that the trial court

> should not have continued questioning [Kincaid] since he did not know what
> kind of problems Mr. Kincaid's answers could have caused Mr. Kincaid in his

---

[3] The pages of Johnston's brief are hand-numbered, and only a sliver of each page number is visible.

Boone County case. You don't guess with the 5th Amendment. At the very least his honor should have appointed counsel to speak with Mr. Kincaid before he forced him to answer questions against his will with a pending criminal case.

*Id.* at 8-9. Johnston cites no authority for this argument, and therefore it is waived. *See Lyles v. State*, 834 N.E.2d 1035, 1050 (Ind. Ct. App. 2005) ("A party waives an issue where the party fails to develop a cogent argument or provide adequate citation to authority and portions of the record."), *trans. denied*. In any event, Johnston's argument is meritless because he has no standing to assert a constitutional challenge on Kincaid's behalf. *See*, *e.g.*, *Adler v. State*, 248 Ind. 193, 196, 225 N.E.2d 171, 172 (1967) ("Constitutional rights are personal, and violation of a third party's constitutional rights cannot be claimed by a defendant in his trial.").

Next, Johnston asserts that the prosecutor committed misconduct "by allowing perjured testimony of Officer Ben Phelps, who testified to what other witnesses said when she knew, or should have known such testimony was false[.]" Appellant's Br. at 9. It was Officer Spencer, not Officer Phelps, who testified that the Feltzes identified Johnston as the driver of the tailgating vehicle. Moreover, Johnston offers no support for his serious accusation that the officer committed perjury, or for the equally serious accusation that the

prosecutor suborned the alleged perjury.[4] Finally, Johnston has failed to provide a standard of review or any relevant legal authority to support this argument. Consequently, it is waived.[5]

Third, Johnston contends that he "received ineffective assistance of counsel at his probation fact finding hearing[.]" *Id.* Johnston cites no standard of review or legal authority

---

[4] During his deposition, James Feltz testified as follows:

Q. Okay, so if there had been more than two people in the vehicle you would not be able to identify the driver?

A. Yeah, I couldn't positively make that match.

Q. So you were identifying the driver from process of elimination 'cause at the liquor store there were only two people there?

A. Correct.

Appellant's App. at 148. We agree with the State that this testimony

very much suggests that Feltz *did* identify [Johnston] as the driver at the scene, but that he did so only because he was assuming [Johnston] was the driver and not, as his deposition clarifies, because he actually recognized him. Thus, it is entirely possible, based on this record, that Officer Spencer was correct and truthful when he said that the victims identified [Johnston] as the driver, even though this testimony was ultimately misleading because it created an impression that turned out not to be accurate. [H]ad [Johnston] provided the transcript of the Trial Rule 60(B) hearing, the record might be clearer on this score.

Appellee's Br. at 14 n.5.

[5] Johnston complains that "had the prosecutor just called the fact witnesses, the Feltzes, [he] would have received a fair hearing instead of a fact finding hearing with perjured testimony." Appellant's Br. at 9. As the prosecutor remarked at the factfinding hearing, "The State should not have to subpoena everyone who was at that scene because this is not a trial as far as beyond a reasonable doubt." Tr. at 30. Indeed, the State must prove a probation violation only by a preponderance of the evidence, and the trial court may admit hearsay upon a showing that it is substantially trustworthy. *Bass v. State*, 974 N.E.2d 482, 486-87 (Ind. Ct. App. 2012). When Johnston objected to Officer Spencer's testimony regarding the Feltzes' statements, the trial court said, "I'm going to find that the victims here, who waited for the police, who identified themselves to the police, who put themselves on the line in terms of possibly being prosecuted for a false crime report are reliable for purposes of this hearing." Tr. at 32. Johnston does not specifically challenge the propriety of this ruling.

regarding ineffective assistance of counsel claims, and instead baldly asserts that his trial counsel was unprepared. This issue is also waived.

Finally, Johnston wonders whether the trial court "would have ruled so harshly if the hearing has [sic] been done correctly the first time." *Id*. at 10. Johnston says no, but the record conclusively establishes otherwise. As the trial court specifically stated at the conclusion of the hearing, Johnston's admission to consuming alcohol was alone sufficient, in its view, to justify revoking his probation. Johnston provides no standard of review or legal authority that would support reversing this determination, but rather takes unwarranted jabs at the trial court's impartiality and demeanor.[6] This issue is waived.

Affirmed.

BARNES, J., and PYLE, J., concur.

---

[6] *See* Appellant's Br. at 10 ("The Court refused to listen to a joint recommendation from the prosecutor and counsel for Appellant. Respectfully the only way Appellant was going to be treated fairly in that Court was for time to be turned back and the hearing to have been done correctly. The Court responded to this Motion to set aside the sentence in a very resentful fashion. The Court just did not seem to find any of the circumstances disturbing except the Court was having to waste its time doing it. I do believe that if this hearing had been done properly Appellant would have received a less severe sentence."). We advise Johnston's counsel that such petulant comments are not persuasive appellate advocacy.