**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 15 2013, 9:20 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**JENNIFER HUTCHENS**
Chugiak, Alaska

ATTORNEY FOR APPELLEE:

**DANIEL J. VANDERPOOL**
Vanderpool Law Firm, PC
Warsaw, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| IN RE THE MARRIAGE OF JENNIFER SAUSAMAN and GREGORY SAUSAMAN, | ) ) ) ) |
| JENNIFER HUTCHENS (SAUSAMAN), | ) ) |
| Appellant-Petitioner, | ) ) |
| vs. | ) No. 43A03-1302-DR-43 ) |
| GREGORY SAUSAMAN, | ) ) |
| Appellee-Respondent. | ) |

APPEAL FROM THE KOSCIUSKO CIRCUIT COURT
The Honorable Curtis D. Palmer, Special Judge
Cause No. 43C01-0601-DR-10

**October 15, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Jennifer Hutchens (Mother) appeals the denial of her petition to modify child custody. On cross-appeal, Gregory Sausaman (Father) requests appellate attorneys' fees. We affirm the court's order and remand to the trial court the issue of the amount of attorneys' fees due to Father.

## FACTS AND PROCEDURAL HISTORY

The marriage between Mother and Father was dissolved on March 6, 2006. Two children had been born of the marriage. The oldest son, Christopher, has since been emancipated, and L.S., born in approximately 1999,[1] is the subject of this litigation. These parties have been the subject of two prior appellate decisions, *Sausaman v. Hutchens*, 43A03-1008-DR-421 (Ind. Ct. App. February 28, 2011), *trans. Denied* ("Sausaman"), and *Hutchens v. Sausaman*, 43A04-1107-DR-395 (Ind. Ct. App. January 25, 2012) ("Hutchens"), from which we take facts relevant to the instant case.

As part of the divorce decree, Mother was to have primary custody of Christopher and L.S. However, after Mother moved out of town, Christopher lived with Father. L.S. lived with Mother, but Father transported her each day to the school district near his home. In early 2008, Mother abruptly remarried and planned to move to Alaska. Between January and June 2008, L.S. spent an average 20.3 overnights per month with Father, and in August 2008, Mother left L.S. in Father's care when Mother moved to Alaska. Mother did not try to visit either child until March 2009, when Mother returned to Indiana.

---

[1] It is unclear when L.S. was born. Our prior decisions indicate she was seven years old when her parents divorced, and the trial court's order in the instant case indicates she is now thirteen.

On April 29, 2010, Father filed a petition for emergency custody. The court granted the petition. Father then filed a petition for modification of custody. After a hearing, the trial court denied Father's petition. Father appealed, and we reversed the trial court's decision. *Sausaman*, *slip op.* at 9. L.S. has been in Father's care since.

On May 22, 2012, Mother filed a motion for modification of custody of L.S. The trial court denied Mother's motion and ordered Mother to pay $172.00 per week in child support effective November 9, 2012.

## DISCUSSION AND DECISION

We first note Mother proceeds in this appeal *pro se*. A litigant who proceeds *pro se* is held to the same established rules of procedure that trained counsel is bound to follow. *Smith v. Donahue*, 907 N.E.2d 553, 555 (Ind. Ct. App. 2009), *trans. denied*, *cert. dismissed*. One risk a litigant takes when she proceeds *pro se* is that she will not know how to accomplish all the things an attorney would know how to accomplish. *Id.* When a party elects to represent herself, there is no reason for us to indulge in any benevolent presumption on her behalf or to waive any rule for the orderly and proper conduct of her appeal. *Foley v. Mannor*, 844 N.E.2d 494, 502 (Ind. Ct. App. 2006).

### 1. Modification of Custody of L.S.

When a party requests modification of custody, we review the court's decision for an abuse of discretion, because we give wide latitude to our trial court judges in family law matters. *Julie C. v. Andrew C.*, 924 N.E.2d 1249, 1256 (Ind. Ct. App. 2010). A petitioner seeking modification has the burden to demonstrate the existing custody arrangement needs

3

to be altered.  *Id.*  As we undertake our review, we neither reweigh the evidence nor assess

witness credibility.  *Id.*  Rather, we consider only the evidence and inferences most favorable

to the trial court's judgment.  *Id.*

Our legislature has defined the circumstances under which a custody order may be

modified:

> (a) The court may not modify a child custody order unless:
>     (1) the modification is in the best interests of the child; and
>     (2) there is a substantial change in one (1) or more of the factors that the court may consider under section 8 and, if applicable, section 8.5 of this chapter.
> (b) In making its determination, the court shall consider the factors listed under section 8 of this chapter.

Ind. Code § 31-17-2-21 (hereinafter "Section 21").  The factors the court must consider under

Ind. Code § 31-17-2-8 (hereinafter "Section 8") include:

> (1) The age and sex of the child.
> (2) The wishes of the child's parent or parents.
> (3) The wishes of the child, with more consideration given to the child's wishes if the child is at least fourteen (14) years of age.
> (4) The interaction and interrelationship of the child with:
>     (A) the child's parent or parents;
>     (B) the child's sibling; and
>     (C) any other person who may significantly affect the child's best interests.
> (5) The child's adjustment to the child's:
>     (A) home;
>     (B) school; and
>     (C) community.
> (6) The mental and physical health of all individuals involved.
> (7) Evidence of a pattern of domestic or family violence by either parent.
> (8) Evidence that the child has been cared for by a de facto custodian, and if the evidence is sufficient, the court shall consider the factors described in section 8.5(b) of this chapter.

In the instant case, the trial court made findings regarding its decision to deny Mother's request to modify custody of L.S.:

23. The child is thirteen years old and is not substantially older than when the last custody determination was made.

24. Each parent still desires to have sole physical custody of the child.

25. In August of 2010, the previous trial court judge held an *in camera* interview with the child, and based upon that judge's ruling, presumably the child wished to reside with mother at that time. The current trial judge also held an *in camera* interview with the child in December of 2011 and at that time the child expressed her desire to live with her mother.

26. Although mother has alleged incidents of both physical and sexual abuse occurring at the father's home, none of the mother's complaints have been substantiated by Indiana authorities, nor has the child disclosed any abuse by the father while she has been in twenty-nine counseling sessions in the last eleven months.

27. Disregarding mother's unsubstantiated complaints, [L.S.] gets along reasonably well with both her father and his current girlfriend (who resides in the home).

28. The only sibling, Christopher, no longer lives in the father's home.

29. Although [L.S.] was upset when she first was returned to her father's home, she is now well-adjusted there and she remains in the same school system where she has always attended (other than her time in Alaska) with her same group of friends. She remains a top student who is well-liked by other students and staff.

30. Both sets of natural grandparents reside in the northern Indiana area along with other extended family members. There is no extended family in Alaska.

31. None of the adult individuals involved in this matter have any significant problems with alcohol, drugs, physical or mental health.

32. There is no evidence of any pattern of domestic or family violence by either parent.

(Br. of Appellant at 50-51.)[2]

---

[2] Although directed to do so by this Court's order on June 7, 2013, and as required by Ind. Appellate Rule 49(a), Mother did not file an appendix. Her failure to do so has hampered our review. Nevertheless, Mother included a copy of the trial court's order at the end of her brief in accordance with App. R. 46(A)(10), and we quote from that copy of the order.

As best as we can ascertain, Mother's arguments, which are disorganized, possibly include information outside the record, and lack proper citation to the record and relevant case law and statutes pursuant to App. R. 46(A)(8)(a), request that we reweigh the evidence and judge the credibility of witnesses at trial in her favor, which we cannot do. *See Julie C.*, 924 N.E.2d at 1256. Therefore, we affirm the denial of her motion to modify custody of L.S.

2. Attorneys' Fees

In his cross-appeal, Father requests appellate attorneys' fees pursuant to App. R. 66(E), which states in relevant part: "The Court may assess damages if an appeal, petition, or motion, or response, is frivolous or in bad faith. Damages shall be in the Court's discretion and may include attorneys' fees." Father argues Mother's appeal

> is done maliciously and with dishonest purpose. It is plain that the trial court did not believe the allegations that were made against [Father]. Those allegations were scurrilous, and designed to impugn him in a way that few allegations can. Those allegations cost him the close relationship that he previously had with his daughter.

(Br. of Appellee at 12.) Father also notes Mother has not followed multiple Indiana Rules of Appellate Procedure.

An award of appellate attorneys' fees pursuant to App. R. 66(E) is discretionary and may be ordered when an appeal is "replete with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay." *Trost-Steffan v. Steffan*, 772 N.E.2d 500, 514 (Ind. Ct. App. 2002), *reh'g denied*. In awarding these fees we must use extreme restraint because of the potential chilling effect on the exercise of the right to appeal. *Id.* There are two types of bad faith that permit appellate attorney fees – "substantive" and "procedural."

6

*Wressell v. R.L. Turner Corp*., 988 N.E.2d 289, 299 (Ind. Ct. App. 2013), *reh'g denied*.

> To prevail on a substantive bad faith claim, the party must show that the appellant's contentions and arguments are utterly devoid of all plausibility. Procedural bad faith, on the other hand, occurs when a party flagrantly disregards the form and content requirements of the rules of appellate procedure, omits and misstates relevant facts appearing in the record, and files briefs written in a manner calculated to require the maximum expenditure of time both by the opposing party and the reviewing court. Even if the appellant's conduct falls short of that which is "deliberate or by design," procedural bad faith can still be found. Finally, we note that even *pro se* litigants are liable for attorney's fees when they disregard the rules of procedure in bad faith.

*Id*. (quoting *Thacker v. Wentzel*, 797 N.E.2d 342, 346-47 (Ind. Ct. App. 2003)) (citations omitted).

Mother disregarded or violated multiple Rules of Appellate Procedure, including: failure to adhere to a thirty-page limit for her Appellant's Brief, or in the alternative, to certify the Appellant's Brief contains fewer than 14,000 words as required by App. Rules 44 (D)-(E); failure to cite to relevant pages in the record as part of her Statement of the Case, as required by App. R. 46(A)(5); failure to cite to relevant pages in the record as part of her Statement of Facts, as required by App. R. 46(A)(6)(a); failure to present issues supported by cogent argument and appropriate citations to the record and relevant authorities, as required by App. R. 46(A)(8)(a); and failure to file an appendix as required by App. R. 49(a) and this court's order. Additionally, Mother's Statement of the Case is impermissibly argumentative, including statements such as, "[Emergency Custody] Order was obtained by Father under false pretense that Mother might 'kidnap [L.S.].'" *See Young v. Butts*, 685 N.E.2d 147, 149 n.2 (Ind. Ct. App. 1997) (holding appellant's Statement of the Case defective because it

contained argument). Finally, Mother's Statement of Facts, which begins with the statement, "The trial courts [sic] Statement of the Facts fails to state the facts that support the judgment[,]" is also impermissibly argumentative and does not include facts relevant to Mother's appeal. *See Thacker*, 797 N.E.2d at 347 (Statement of Facts is to be a narrative statement of relevant facts and is not to be argumentative). Taken together, Mother's errors amount to procedural bad faith. *See Catellier v. Depco, Inc*. 696 N.E.2d 75, 80 (Ind. Ct. App. 1998) (holding appellant engaged in procedural bad faith when his brief contained many violations of the Indiana Rules of Appellate Procedure, including argument in the statement of the case and statement of facts, failure to adhere to page requirements in appellant's brief, and failure to make a cogent argument). Based thereon, we remand to the trial court for determination of the attorneys' fees due to Father.

## CONCLUSION

We affirm the denial of Mother's request to modify custody of L.S., and remand to the trial court for determination of an award of attorneys' fees to Father based on Mother's procedural bad faith in bringing this appeal.

Affirmed and remanded.

BAILEY, J., and BRADFORD, J., concur.

8