Timothy D. **FOSTER**, Appellant
(Respondent Below),

v.

In re the **ADOPTION OF Infant Male
FEDERSPIEL**, Appellee
(Petitioner Below).

No. 02A04–9005–CV–230.

Court of Appeals of Indiana,
Fourth District.

Oct. 11, 1990.

Timothy D. Foster, Westville, pro se.

David M. Wright, Fort Wayne, for appellee.

CHEZEM, Judge.

### Case Summary

Respondent/Appellant, Timothy Foster (Foster), appeals a judgment against him in an action to vacate a prior judgment regarding the adoption of his natural son. We affirm.

### Issue

Whether Foster's right to due process was violated by the trial court's refusal to vacate a prior judgment, when the court had failed to provide counsel in the adoption of his minor son.

### Facts

On June 25, 1989, Jodi Federspiel (Federspiel) gave birth to a male child, the son of Foster. On that same day, she executed her consent for the adoption of that child by the appellees. Appellees were granted

a waiver petition giving them temporary custody of the child. Federspiel appeared in court and testified as to her consent. Foster filed his pro se motion to contest the adoption on July 25, 1989. The court set the hearing for his motion on October 27, 1989, but rescheduled it on its own motion for November 3, 1989. Foster failed to appear at the scheduled hearing, at which time the trial court found that Foster was unreasonably withholding his consent and that his consent was therefore not required. On April 3, 1990, Foster filed his motion to vacate the judgment. That motion was denied by the trial court and from that denial, Foster appeals.

### Discussion and Decision

■ Initially, we must point out that Foster is proceeding pro se. A litigant who chooses to proceed pro se will be held to the same established rules of procedure that trained legal counsel are bound to follow. *Creedon v. Asher Truck & Trailer* (1989), Ind.App., 535 N.E.2d 148. Also, the fact that he is proceeding pro se does not excuse him from complying with appellate rules. *Terpstra v. Farmers & Merchants Bank* (1985), Ind.App., 483 N.E.2d 749, *reh. denied, trans. denied.*

■ Foster's motion to vacate was based on *Petition of McClure* (1990), Ind.App., 549 N.E.2d 392. Foster asserts that under *McClure,* he had a statutory and constitutional right as an indigent father to be appointed counsel. We do not reach the question of Foster's right to counsel because the Record shows that Foster never requested appointment of counsel or asserted that he was indigent. In *McClure,* upon receiving notice of the adoption proceedings, the respondent contested the adoption, claimed to be indigent, and requested the assistance of appointed counsel. *Id.* at 394. Foster made no such requests. Each petition or motion filed by Foster reflects his full intention to represent himself in the action. We see no error in the trial court's denial of Foster's motion to vacate the judgment thus, his due process rights were not violated. *See also, Keen v. Marion Cty. D. of Public Welfare* (1988), 523 N.E.2d 452.

 Foster also asserts that it was error for the trial court not to provide him with transportation to the hearing from West-ville Correctional Center. Because Foster presents no argument on this Issue, it is waived. *See* Ind. Appellate Rule 8.3(A)(7).

Affirmed.

MILLER, P.J., and RATLIFF, C.J., concur.