Dan & Susan MILLER, Appellants–
Plaintiffs,

v.

HAGUE INSURANCE AGENCY, INC.,
a/k/a Lizenby–Hague Insurance Agen-
cy, Inc., Indiana Farmers Mutual In-
surance Company, and Jason Hague,
Appellees–Defendants.

No. 66A03–0606–CV–278.

Court of Appeals of Indiana.

Aug. 8, 2007.

Patrick B. McEuen, Millbranth & Bush,
Valparaiso, IN, Attorney for Appellant.

Mark R. Smith, Smith Fisher Maas &
Howard, P.C., Indianapolis, IN, Attorney
for Appellee.

## OPINION

MATHIAS, Judge.

Daniel and Susan Miller ("the Millers")
appeal from the Pulaski Superior Court's
order of summary judgment in favor of
Indiana Farmers Mutual Insurance Co.
("Farmers Mutual"). Concluding that the
Millers failed to timely file their brief ac-
cording to Indiana Appellate Rule 45(B),
we dismiss this appeal.

### Facts and Procedural History

This appeal involves the issue of home-
owner's insurance coverage for Susan Mil-
ler's jewelry collection, which was stolen
from her home. The jewelry was worth
over $100,000. Farmers Mutual denied
indemnification because the Millers did not
have a rider to provide specifically for the
jewelry. The Millers, however, insisted
that they told their agent of their need to
have the jewelry insured and that he had
assured them it would be covered under
their policy. The Millers filed claims for
indemnification against their homeowner's
insurer, Farmers Mutual, their insurance
agent, Jason Hague ("Jason"), and Jason's
employer, Hague Insurance Agency
("Hague Insurance").

On January 11, 2006, Farmers Mutual
filed a motion for partial summary judg-
ment on counts one and three of the Mil-
lers' complaint. The first count of the
complaint alleged that the jewelry was cov-
ered under the contract provision insuring
personal property. The third count al-
leged that Farmers Mutual had acted in
bad faith. The trial court granted Farm-
ers Mutual's request for partial summary
judgment on both counts. Pursuant to the

Millers' request, the trial court certified these orders as final appealable judgments on June 7, 2006.

The Millers filed a notice of appeal on June 7, 2006 and a case summary on June 22, 2006. Then the Millers' counsel, Patrick McEuen ("McEuen"), went on vacation from mid-June until July 5, 2006. While McEuen was on vacation, his staff received a letter from the Pulaski Superior Court indicating that the record and the transcript were complete. The notice of completion of clerk's record and completion of the transcript were filed on June 23, 2006. McEuen's office paid the invoice for the transcript on June 30, 2006, while McEuen was still on vacation.

McEuen returned from vacation on July 5th. However, the Millers did not file their brief or appendix by the July 24, 2006 deadline. On July 31, 2006, our court made an entry on the docket indicating that the case would be transmitted for dismissal in twenty days. On August 29, 2006, the docket was transmitted for dismissal. On the same day, the Millers filed a verified motion to reinstate and for extension of time to file appellants' brief. Then on August 31, 2006, the Millers simultaneously filed their appellants' brief and appendix with a motion for leave to file a belated appellants' brief and appendix. This filing occurred thirty-eight days after the deadline to file an appellant's brief and appendix.

On September 11, 2006, our court denied the Millers' motion to reinstate as moot and granted the Millers' motion to file a belated brief and appendix. On the same day, Farmers Mutual filed an objection to the Millers' motions, which was treated by our court as both a motion to reconsider and a motion for dismissal. On October 24, 2006, our motions panel denied Farmers Mutual's motion but ordered the Millers to file an appendix in conformity with the Indiana Appellate Rules. This appeal ensued. Additional facts will be provided as necessary.

**Discussion and Decision**

On appeal, Farmers Mutual asks this court to revisit the issue of whether the Millers' belated brief was a flagrant violation of the Indiana Rules of Appellate Procedure, thus warranting dismissal. Even though our motions panel has already ruled on this issue, Farmers Mutual is not precluded from presenting its arguments to us. *Smith v. Deem*, 834 N.E.2d 1100, 1103 (Ind.Ct.App.2005), *trans. denied*. "It is well established that we may reconsider a ruling by the motions panel." *Cincinnati Ins. Co. v. Young*, 852 N.E.2d 8, 12 (Ind.Ct.App.2006), *trans. denied*. While we are reluctant to overrule orders decided by the motions panel, this court has inherent authority to reconsider any decision while an appeal remains *in fieri*. *See Davis v. State*, 771 N.E.2d 647, 649 n. 5 (Ind.2002); *State v. Moore*, 796 N.E.2d 764, 766 (Ind.Ct.App.2003), *trans. denied*.

Indiana Appellate Rule 45(B) states that "[t]he appellant's brief shall be filed no later than thirty (30) days after ... the trial court clerk or Administrative Agency issues its notice of completion of the Transcript." Rule 45(D) further provides that "[t]he appellant's failure to timely file the appellant's brief may subject the appeal to summary dismissal." "Dismissal for the late filing of an appellant's brief is within the discretion of this court." *Haimbaugh Landscaping, Inc. v. Jegen*, 653 N.E.2d 95, 99 (Ind.Ct.App.1995), *trans. denied*. Although we will exercise our discretion to reach the merits when violations are comparatively minor, if the parties commit flagrant violations of the Rules of Appellate Procedure we will hold issues waived, or dismiss the appeal. *Terpstra v. Farmers & Merch. Bank*, 483 N.E.2d 749, 752 (Ind. Ct.App.1985), *trans. denied; Town of*

*Rome City v. King,* 450 N.E.2d 72, 76 (Ind.Ct.App.1983).

In *Howell v. State,* we opted to exercise such discretion when the appellant's brief was filed one day late. 684 N.E.2d 576, 577 (Ind.Ct.App.1997). Likewise, in *Haimbaugh,* we concluded that filing an appellant's brief one day late was not a flagrant violation of our appellate rules. 653 N.E.2d at 99. In *Meyer v. Northern Indiana Bank & Trust Co.,* we again decided to exercise our discretion when the appellant timely filed an oversized brief, and our court subsequently denied appellant's motion to file an oversized brief. 490 N.E.2d 400, 403–404 (Ind.Ct.App. 1986).

Here, appellant's brief was filed thirty-eight days after the July 24, 2006 deadline. In the Millers' motions filed with this court, McEuen claims that his failure to timely file the appellants' brief was due to mistake or excusable neglect. He explains that he was never aware that the transcript had been completed in this matter because the notice had arrived while he was on vacation. McEuen states that he did not learn that the transcript had been filed until August 29, 2006, sixty-seven days after the clerk had filed her notice of completion of transcript.

"[I]t is the duty of an attorney and his client to keep apprised of the status of matters before the court." *Sanders v. Carson,* 645 N.E.2d 1141, 1144 (Ind.Ct. App.1995).

While the filing of a brief one day late has been considered a minor violation of our appellate rules, the filing of a brief thirty-eight days late is not.

Dismissed.

NAJAM, J., and MAY, J., concur.