**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 27 2012, 9:09 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**K.C.**
Brownsburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANGELA N. SANCHEZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| K.C. ON BEHALF OF M.C., ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 32A01-1111-JV-533 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE HENDRICKS CIRCUIT COURT
The Honorable Thomas K. Milligan, Senior Judge
The Honorable Robert J. Lowe, Senior Judge
The Honorable Jeffrey V. Boles, Judge
Cause No. 32C01-1109-JD-437

**August 27, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

M.C., by next friend K. C. (Mother), pro se, challenges a delinquency order requiring payment of certain fees. She purportedly seeks "dismissal" of all orders entered in the delinquency proceedings, restitution, and punitive damages. We address a single consolidated issue: whether M.C. has established her entitlement to relief. We affirm.

**Facts and Procedural History**

On September 18, 2011, sixteen-year-old M.C. engaged in a physical altercation with another young woman on a public thoroughfare. The State alleged that M.C. was a delinquent child for committing battery causing bodily injury, a class A misdemeanor if committed by an adult. On October 1, 2011, Mother received a letter from the Hendricks County Probation Department advising her that her daughter's initial hearing was scheduled on October 7, 2011. Mother attempted to reschedule the hearing because of a work conflict but was apparently unable to do so. Instead, M.C.'s father accompanied M.C. to the hearing where she requested a court-appointed attorney.

The following week, Mother contacted the probation department and left a detailed message that she did not want M.C. to have the court-appointed attorney. She also contacted the attorney and told him that she would not be bringing her daughter to the appointment because she did not want him to represent her child. After speaking with a probation officer and being advised that her daughter has a right to a court-appointed attorney, Mother took M.C. to the appointment. That same day she filed a "Minute Sheet/Order" advising the trial court that she had been unable to attend the initial hearing for "business travel reasons," and

2

that the trial court had appointed an attorney for her daughter against Mother's wishes. Appellant's App. at xv. Mother also requested that her daughter's next scheduled hearing be rescheduled to accommodate Mother's business schedule.

The trial court did not reschedule the hearing, and on October 17, 2011, M.C., represented by appointed counsel and accompanied by Mother, admitted to having committed an act that would be the lesser charge of disorderly conduct, a class B misdemeanor, if committed by an adult. During the hearing, M.C. testified that she had not used illegal drugs since eighth grade and that she would not test positive for any illegal drugs if tested that day. The trial court adjudicated M.C. to be a delinquent child and imposed six months of informal probation. The terms of probation included paying a $165 docket fee, a $165 probation fee, a $140 attorney fee, and a $100 administrative fee. In addition, M.C. was ordered to complete thirty hours of community restitution, write an apology to the victim in the case, and remain a student in good standing at her high school.

Despite M.C.'s testimony, later that day, she tested positive for marijuana. On October 25, 2011, the probation department filed a Petition to Modify Disposition, wherein it stated that M.C. had violated the terms of her supervision when she tested positive for marijuana on a urine drug test after testifying in open court that the last time she had used any illegal substances was three years previously when she was in the eighth grade. Mother hired private counsel for M.C.

At the October 31, 2011, initial hearing on the petition to modify, M.C.'s counsel admitted that M.C. had lied to the trial court and tested positive for marijuana. The trial court

ordered M.C. to be detained and evaluated at the Hamilton County Juvenile Services Center for eight days until the November 7, 2011, hearing on the petition. At the hearing, M.C. admitted that she had lied under oath at the October 25 hearing and that she had tested positive for marijuana. The trial court released M.C. to Mother's custody, returned her to the terms and conditions of her probation, ordered her to complete a drug and alcohol evaluation and follow all recommendations, and to pay $1,120 for the cost of her eight-day detention. This appeal ensued.

## Discussion and Decision

In a twenty-nine page appellate brief, with general references to the federal and state constitutions, Mother argues that 1) M.C. did not have a right to a court-appointed attorney against Mother's wishes; 2) the trial court should not have sent M.C. to the detention facility; 3) the trial court erred in failing to consider whether justice was served by ordering Mother to pay court and detention facility fees; 4) justice cannot be served by inflicting undue hardships on an innocent parent for the delinquent acts of a minor child; and 5) the statute authorizing the trial court to order parents to pay for the cost of services provided to a child unduly punishes innocent parents. Mother, as next friend of M.C., seeks dismissal of M.C.'s case, reimbursement of the fees already paid, and $50,000 in punitive damages.

As a pro se appellant, Mother is held to the same established rules of procedure that trained legal counsel are bound to follow. See Foster v. Adoption of Infant Male Federspiel, 560 N.E.2d 691, 692 (Ind. Ct. App. 1990). Also, the fact that Mother is proceeding pro se does not excuse her from complying with the appellate rules. See id. Indiana Appellate Rule

4

46(A)(8) provides that the argument section of the appellant's brief must contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to authorities, statutes, and the Appendix or parts of the Record of Appeal relied on. Id. In addition, the argument for each issue must include the applicable standard of review. Id.

Here, Mother has failed to set forth any applicable standard of review or cite any legal authority other than general federal and state constitutional provisions in support of her issues. She has also failed to make any cogent legal argument. Mother has therefore waived appellate review of these issues. See York v. Fredrick, 947 N.E.2d 969, 979 (Ind. Ct. App. 2011), trans. denied, (stating that a party waives an issue where the party fails to develop cogent argument or provide adequate citation to authority and portions of the record).

Waiver notwithstanding, we note that the juvenile court system is founded on the notion of parens patriae, which allows the court the power to step into the shoes of the parents. In re K.G., 808 N.E.2d 631, 635 (Ind. 2004). The parens patriae doctrine gives juvenile courts the power to further the best interests of the child, which implies a broad discretion unknown in the adult criminal court system. Id. at 636.

The policy of this State and the purpose of our juvenile code are to ensure that children within the juvenile justice system are treated as persons in need of care, protection, treatment, and rehabilitation. Id. The juvenile code must be liberally construed to that end. Id. Under the juvenile code, the juvenile court acts not only as the adjudicator of legal responsibility but also as the administrator of probation, detention, and many child and family

5

social service programs.  Id.  In essence, the code affords juvenile courts a degree of discretion and flexibility, unparalleled in the criminal code, to address the needs of children and to act in their best interests.  Id.  The juvenile code has specific provisions that set forth a juvenile's right to counsel and a parent's responsibility to pay for court-ordered services.  See Ind. Code §§ 31-32-2-2 and 31-40-1-3.

Here, Mother does not argue that the trial court misapplied provisions of the juvenile code.  Rather, her arguments are challenges to the statutes themselves.  For example, Mother argues that a child should not have the right to court-appointed counsel without the permission of the child's custodial parent and that drug testing or questioning from a judge should only be done with the permission of and through the parent who is financially and legally responsible.  Appellant's Br. at 12.  She also argues that a parent should be allowed the opportunity to give consent to drug testing of the child for which the parent is legally and financially responsible until the age of 18, and that no parent should be responsible for detention fees unless that parent has done something to willfully contribute to the delinquency of the child or unless the parent has given his or her consent to the detention.  Appellant's Br. at 15, 16-17.  Mother also believes that asking the parent to pay for the delinquent acts of the child is similar to asking the parent to pay for any other relative that commits a crime.  Appellant's Br. at 17.  Mother concludes that she "has been forced to open checkbook with child and court having total access and control of money earned by an innocent, hard-working, law-abiding citizen who happens to be a parent."  Appellant's Br. at 28.  Mother's challenges to the juvenile code, however, are best made to the legislature.  See

<u>Bunker v. National Gypsum Company</u>, 441 N.E.2d 8, 14 (Ind. 1982).

Because Mother has waived issues and made improper arguments, we affirm the trial court in all respects.

Affirmed.

RILEY, J., and CRONE, J., concur.