## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 30 2015, 9:51 am

**CLERK**
of the supreme court,
court of appeals and
tax court

| APPELLANT PRO SE | ATTORNEY FOR APPELLEES |
|---|---|
| Rose Keen | Jennifer Kalas |
| Chesterton, Indiana | Hinshaw & Culbertson LLP |
| | Schererville, Indiana |

## I N   T H E
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Rose Keen, | October 30, 2015 |
| *Appellant-Plaintiff*, | Court of Appeals Case No. 64A05-1504-CT-160 |
| v. | Appeal from the Porter Superior Court |
| Terminix International Company Limited Partnership, Servicemaster Residential Commercial Services Limited Partnership, and Timothy Slocum, | The Honorable Roger V. Bradford, Judge |
| *Appellees-Defendants*. | Trial Court Cause No. 64D01-1008-CT-8454 |

**Brown, Judge.**

[1] Rose Keen, *pro se*, appeals the trial court's entry of summary judgment in favor of Terminix International Company Limited Partnership, Servicemaster Residential Commercial Services Limited Partnership, and Timothy Slocum (together, the "Appellees"). We dismiss Keen's appeal.

## *Procedural History*

[2] In August 2010, Keen filed a complaint against the Appellees alleging they negligently discharged pesticide or other chemicals in a home where she was present and that as a result she sustained personal injuries. On July 22, 2014, the Appellees filed a motion for summary judgment together with designated evidence and a memorandum in support of the motion. In August or September 2014, Keen filed a motion for an enlargement of time, and the court granted the motion, extending the time for Keen to file a response until October 17, 2014. On October 2, 2014, Keen's counsel filed a motion to withdraw appearance, and the following day the court granted the motion and granted Keen until November 7, 2014 to respond to the Appellees' motion for summary judgment. On November 5, 2014, Keen filed a response to the summary judgment motion as well as another motion for enlargement of time. On November 13, 2014, the Appellees filed a motion for hearing, and the court scheduled a hearing for March 4, 2015.

[3] On February 11, 2015, Keen filed a Motion to Delay Decision on Summary Judgment requesting the court to delay any decision until new interrogatories could be answered by all of the Appellees. On February 19, 2015, the court denied Keen's motion and ordered that the hearing on Appellees' motion for

summary judgment would remain scheduled for March 4, 2015. On March 4, 2015, the court held the scheduled summary judgment hearing. On March 18, 2015, the court granted the Appellees' motion for summary judgment on all claims asserted in Keen's complaint. Keen now appeals.

## *Discussion*

[4] The Appellees argue that the appellant's brief filed by Keen is utterly devoid of any reference to the record on appeal or to an appendix, that she cites no authority in support of her analysis and provides no cogent reasoning, "instead offering only two paragraphs of speculation that a former Terminix employee might be able to provide testimony helpful" to her, and thus that her argument is waived. Appellee's Brief at 7.

[5] A *pro se* litigant is held to the same established rules of procedure that trained legal counsel are bound to follow, and the fact that a litigant proceeds *pro se* does not excuse the litigant from complying with appellate rules. *Foster v. Adoption of Federspiel*, 560 N.E.2d 691, 692 (Ind. Ct. App. 1990). Although we prefer to dispose of cases on their merits, where an appellant fails to substantially comply with the appellate rules, then dismissal of the appeal is warranted. *Hughes v. King*, 808 N.E.2d 146, 147 (Ind. Ct. App. 2004). This court has discretion to dismiss an appeal for the appellant's failure to comply with the Rules of Appellate Procedure. *See Miller v. Hague Ins. Agency*, *Inc.*, 871 N.E.2d 406, 407 (Ind. Ct. App. 2007) ("Although we will exercise our discretion to reach the merits when violations are comparatively minor, if the

parties commit flagrant violations of the Rules of Appellate Procedure we will hold issues waived, or dismiss the appeal."), *reh'g denied*.

[6] Keen has failed to comply with the requirements of the Rules. Appellate Rule 46(A)(5) governs the statement of case and provides that "[p]age references to the Record on Appeal or Appendix are required in accordance with Rule 22(C)." Keen's statement of the case in her appellant's brief does not include any citations to the record or appendix. Appellate Rule 46(A)(6) governs the statement of facts and provides that "[t]he facts shall be supported by page references to the Record on Appeal or Appendix in accordance with Rule 22(C)." Keen's statement of facts is contained on three pages and includes citations to a deposition in only the final paragraph of the section. Keen's statement of facts does not include appropriate citation to the record on appeal or appendix as required by Appellate Rule 46(A)(6).

[7] Further, Keen's claim is not supported by cogent argument or citation to relevant authority. Appellate Rule 46(8)(a) provides that "[t]he argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning" and that "[e]ach contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on . . . ." Appellate Rule 46(8)(b) provides that the argument must include "a concise statement of the applicable standard of review" and "a brief statement of the procedural and substantive facts necessary for consideration of the issues presented on appeal, including a statement of how the issues relevant

to the appeal were raised and resolved by any . . . trial court." This court has previously stated:

> We demand cogent argument supported with adequate citation to authority because it promotes impartiality in the appellate tribunal. A court which must search the record and make up its own arguments because a party has not adequately presented them runs the risk of becoming an advocate rather than an adjudicator. *Keller v. State*, 549 N.E.2d 372, 373 (Ind. 1990). A brief should not only present the issues to be decided on appeal, but it should be of material assistance to the court in deciding those issues. *Hebel v. Conrail, Inc.*, 475 N.E.2d 652, 659 (Ind. 1985). On review, we will not search the record to find a basis for a party's argument . . . nor will we search the authorities cited by a party in order to find legal support for its position.

*Young v. Butts*, 685 N.E.2d 147, 151 (Ind. Ct. App. 1997).

[8] Keen appears to claim that the trial court erred in denying her Motion to Delay Decision on Summary Judgment and states in part that no one "caught the mistake that the interrogatories were not signed under oath," that "[i]t's been years and it's not fair to [her] or to Tim Slocum the Defendant or to Patrick Shannon, Terminix's representative," that "I know things now that I did not know years ago," that "I'm sure that the Defendant and Terminix's representative might have information now that they did not have years ago or even changed their way of thinking as to what they thought was correct then – they now see differently," and that "[i]t's not correct to allow these interrogatories as valid." Appellant's Brief at 13-14. Keen has failed to advance her arguments with cogent reasoning or citations to relevant authority

and the record. Her appellant's brief and reply brief cite only to the Federal Rules of Civil Procedure, and she cites no Indiana caselaw or rules. Addressing Keen's claims on the merits would require us to make and advance arguments on her behalf. Therefore, we dismiss Keen's appeal. *See Keller*, 549 N.E.2d at 373-374 (dismissing appeal because the appellant failed to provide cogent argument with adequate citation of authority).

## *Conclusion*

[9] For the foregoing reasons, we dismiss Keen's appeal.

[10] Dismissed.

Riley, J., and Altice, J., concur.