## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 17 2018, 8:39 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Joseph F. Olivares
Ypsilanti, Michigan

ATTORNEY FOR APPELLEE
KOSCIUSKO COUNTY AUDITOR

Chad M. Miner
Miner & Lemon, LLP
Warsaw, Indiana

ATTORNEYS FOR APPELLEE JACK
BIRCH

John C. Trimble
Meghan E. Ruesch
Lewis Wagner, LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Joseph Olivares,

*Appellant-Plaintiff*,

v.

Kosciusko County Auditor,
Marc Olivares, and Jack Birch,

*Appellees-Defendants*.

January 17, 2018

Court of Appeals Case No.
43A04-1705-CT-1158

Appeal from the Kosciusko Circuit
Court

The Honorable Michael W. Reed,
Judge

Trial Court Cause No.
43C01-1702-CT-7

**Brown, Judge.**

[1] Joseph F. Olivares ("Joseph"), *pro se*, appeals the trial court's dismissal of his complaint against the Auditor of Kosciusko County (the "Auditor"), Marc J. Olivares ("Marc"), and Jack C. Birch (together, the "Appellees"). We dismiss Joseph's appeal and remand for a determination of damages pursuant to Ind. Appellate Rule 66(E).

### Facts and Procedural History

[2] On February 15, 2017, Joseph filed his "Complaint for Damages with Summons Jury Demand" against the Appellees, alleging that the Auditor engaged in "intentional misrepresentation in not providing [Joseph] with a notice of tax sale occurring on September 2016, after [Joseph] stopped a tax sale, after informing said Auditor that he had not been provided due process notice at least three months prior" and that Birch "as Estate Counsel failed to inform [Joseph] of said sale, on September 2017, to [Joseph's] detriment and injury, to which [Joseph] has a bonafied [sic] purchaser for value," and stating that "Marc J. Olivares, on August 2nd 2016, was in receipt of a tax foreclosure sale upon being removed as Personal Representative and elected to withhold said foreclosure sale from [Joseph], who was still Personal Representative at that point." Appellant's Appendix Volume 2 at 8.

[3] According to the chronological case summary (the "CCS"), the Auditor filed a motion to dismiss on March 1, 2017, and Joseph filed in documents in response titled "Plaintiff's Response to the Kosciusko Auditor's Motion for Dismissal

and Notice of Filing Claim of Damages and Tort Claim as to 200 W Carroll St, Syracuse, Indiana." The CCS also states that Marc filed a motion to dismiss as to the February 15, 2017 complaint on March 15, 2017, and Birch filed a motion to dismiss on March 28, 2017. On March 28, 2017, all three of the Appellees appeared before the trial court at the hearing scheduled on the motions filed by the Auditor and Marc, but Joseph failed to appear despite receiving due notice of the time, place, and purpose of the hearing. The court heard argument and took the issues under advisement. On March 30, 2017, and April 3, 2017, the Auditor and Marc, respectively, filed a proposed order in conformance with the March 28, 2017 proceedings, and the trial court approved and entered orders granting the motions to dismiss.

[4] Joseph filed on March 29, 2017, an "Amended Verified Complaint as to Damages as to Jack C. Birch,"[1] and on April 5, 2017, a document titled "Plaintiff's Response and Motion to the Court's Order as to March 28th 2017 'Taken Under Advisement'," to which the court noted in a CCS entry on the same day that the "pleading does not comport with the Trial Rules, [and] does not cogently alleged [sic] any legal or factual basis for any request made by the Plaintiff therein." *Id.* at 5. On April 7, 2017, he filed a document titled "Plaintiff's Motion Under Ind. Trial Rule 41(B)," and a CCS entry states:

> Based upon the demand for relief contained in the document, [Joseph's] motion clearly is not made under Trial Rule 41(B) as

[1] The CCS notes that Birch filed a motion to dismiss Joseph's amended verified complaint on April 12, 2017.

this would not make sense. To the extent this pleading is a request for the Court to reconsider its prior rulings on the motions to dismiss, in effect a motion to correct error, Plaintiff's request in this regard is denied.

*Id.* at 5. In addition, the CCS notes that Joseph filed on April 7, 2017, a motion for leave to appeal to which the trial court directed him to the Indiana Appellate Rules; on April 10, 2017, a motion for waiver of fees and costs as to any appeal and transcripts which was denied; and, on April 17, 2017, a document titled "Motion Under Ind. Trial Rule 41(B) for April 20th 2017," which was denied. Joseph failed to appear at the May 12, 2017 hearing on Birch's Motion to Dismiss, where the trial court heard argument, granted the motion, and entered an order dismissing Joseph's Complaint, Amended Verified Complaint, and all causes of action against Birch. Joseph now appeals.

## *Discussion*

In his appellant's brief, under the heading for the statement of the case, Joseph states:

> In sum Appellant's statement of case is that all Appellee's [sic] committed intentional misrepresentation, by Jack C. Birch's ongoing representations as to being Estate Counsel, to which was not demonstrated by answer whatsoever as required by T.R. 7(A), as well as the County Auditor's failure to answer Appellant's complaint and amendment, as well as Marc J. Olivares[']s failure to answer as to violation of I.C. §29-1-10-10(c) by voluntary payment of Estate taxes to which the Court was aware in prior unrelated Estate proceedings which were then transferred, to which resulted in injury in not obtaining either tax lien, to rehabilitate and rent pending sale, or taking the overage

from said sale, to injury of Appellant as both personal representative and legatee, and damages of $750,000.00 as to all Estate properties.

Appellant's Brief at 9-10.

[6] The Auditor argues that Joseph waived his issues by failing to provide cogent legal argument. The Auditor also argues that the complaint failed to state a claim upon which relief may be granted as a result of its failure to demonstrate compliance with the Indiana Tort Claims Act and its failure to allege what statutory or common law duty was owed from the Auditor to Joseph regarding a tax sale notice, and it asserts Joseph's appeal was not initiated in a timely fashion with respect to the dismissal of the case as against the Auditor. Birch argues that Joseph's record contains many defects and omissions and misrepresents the record on appeal, that Joseph's brief is completely void of cogent reasoning, that the claims and allegations in the underlying pleadings are completely incomprehensible and fail to allege any actual injury sustained by him, that the allegations that Joseph's due process rights were violated by the dismissal of the Complaint and Amended Complaint with prejudice have no basis in law or fact, and that Birch is entitled to attorney fees and costs for responding to the instant appeal because it is frivolous and made in bad faith.

[7] A *pro se* litigant is held to the same established rules of procedure that trained legal counsel are bound to follow, and the fact that a litigant proceeds *pro se* does not excuse the litigant from complying with appellate rules. *Foster v. Adoption of Federspiel*, 560 N.E.2d 691, 692 (Ind. Ct. App. 1990). Although we

prefer to dispose of cases on their merits, where an appellant fails to substantially comply with the appellate rules, then dismissal of the appeal is warranted. *Hughes v. King*, 808 N.E.2d 146, 147 (Ind. Ct. App. 2004). This Court has discretion to dismiss an appeal for the appellant's failure to comply with the Rules of Appellate Procedure. *See Miller v. Hague Ins. Agency, Inc*., 871 N.E.2d 406, 407 (Ind. Ct. App. 2007) ("Although we will exercise our discretion to reach the merits when violations are comparatively minor, if the parties commit flagrant violations of the Rules of Appellate Procedure we will hold issues waived, or dismiss the appeal."), *reh'g denied*. Moreover, this Court "will not become an advocate for a party, or address arguments that are inappropriate or too poorly developed or expressed to be understood." *Basic v. Amouri*, 58 N.E.3d 980, 984 (Ind. Ct. App. 2016) (internal quotation marks omitted).

[8] Joseph has failed to comply with the requirements of the Rules. Appellate Rule 46(A)(5) governs the statement of case and provides that "[p]age references to the Record on Appeal or Appendix are required in accordance with Rule 22(C)." Appellate Rule 46(A)(6) governs the statement of facts and provides that "[t]he facts shall be supported by page references to the Record on Appeal or Appendix in accordance with Rule 22(C)." Appellate Rule 22(C) governs references to the record on appeal and provides that "[a]ny factual statement shall be supported by a citation to the volume and page where it appears in an Appendix, and if not contained in an Appendix, to the volume and page it appears in the Transcript or exhibits, e.g., Appellant's App. Vol. II p. 5; Tr. Vol.

I, pp. 231-32." To the extent Joseph's statement of the case or statement of facts include citations, they are not in compliance with Rule 22(C).

[9] Furthermore, Joseph's claim is not supported by cogent argument or citation to relevant authority. Appellate Rule 46(8)(a) provides that "[t]he argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning" and that "[e]ach contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on . . . ." Appellate Rule 46(8)(b) provides that the argument must include "a concise statement of the applicable standard of review" and "a brief statement of the procedural and substantive facts necessary for consideration of the issues presented on appeal, including a statement of how the issues relevant to the appeal were raised and resolved by any . . . trial court." This Court has previously stated:

> We demand cogent argument supported with adequate citation to authority because it promotes impartiality in the appellate tribunal. A court which must search the record and make up its own arguments because a party has not adequately presented them runs the risk of becoming an advocate rather than an adjudicator. *Keller v. State*, 549 N.E.2d 372, 373 (Ind. 1990). A brief should not only present the issues to be decided on appeal, but it should be of material assistance to the court in deciding those issues. *Hebel v. Conrail, Inc.*, 475 N.E.2d 652, 659 (Ind. 1985). On review, we will not search the record to find a basis for a party's argument . . . nor will we search the authorities cited by a party in order to find legal support for its position.

*Young v. Butts*, 685 N.E.2d 147, 151 (Ind. Ct. App. 1997).

[10] Joseph has failed to advance his arguments with cogent reasoning or citations to relevant authority and the record. We find that addressing his claims on the merits would require us to make and advance arguments for him. Accordingly, we find that dismissal of this appeal is warranted. *See Keller*, 549 N.E.2d at 374 (dismissing the appeal because of the appellant's failure to provide cogent argument with adequate citation of authority); *Basic*, 58 N.E.3d 980 at 982 (concluding that, because they violated numerous provisions of Appellate Rule 46 including the failure to present cogent argument, the appellants waived all issues for appeal).

[11] With respect to Birch's request for appellate attorney fees, Appellate Rule 66(E) provides in pertinent part that this Court "may assess damages if an appeal . . . is frivolous or in bad faith. Damages shall be in the Court's discretion and may include attorneys' fees." Our discretion to impose damages is limited to instances when "an appeal is permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay." *Thacker v. Wentzel*, 797 N.E.2d 342, 346 (Ind. Ct. App. 2003) (citing *Orr v. Turco Mfg. Co., Inc.*, 512 N.E.2d 151, 152 (Ind. 1987)). In addition, while Ind. Appellate Rule 66(E) provides this Court with discretionary authority to award damages on appeal, we must use extreme restraint when exercising this power because of the potential chilling effect upon the exercise of the right to appeal. *Id.* (citing *Tioga Pines Living Ctr., Inc. v. Ind. Family & Social Serv. Admin.*, 760 N.E.2d 1080, 1087 (Ind. Ct. App. 2001), *aff'd on reh'g*, *trans. denied*). Indiana appellate courts have classified claims for appellate attorneys' fees into substantive and procedural

bad faith claims. *Id.* (citing *Boczar v. Meridian St. Found.*, 749 N.E.2d 87, 95 (Ind. Ct. App. 2001)). To prevail on a substantive bad faith claim, the party must show that "the appellant's contentions and arguments are utterly devoid of all plausibility." *Id.* Procedural bad faith, on the other hand, occurs when a party flagrantly disregards the form and content requirements of the rules of appellate procedure, omits and misstates relevant facts appearing in the record, or files briefs written in a manner calculated to require the maximum expenditure of time both by the opposing party and the reviewing court. *Id.* at 346-347. Even if the appellant's conduct falls short of that which is "deliberate or by design," procedural bad faith can still be found. *Id.* at 347. As observed above, that Joseph chose to prosecute his appeal *pro se* does not relieve him of his duty to comply with all of the rules of appellate procedure. *See also Basic*, 58 N.E.3d at 986 (citing *Srivastava v. Indianapolis Hebrew Congregation, Inc.*, 779 N.E.2d 52, 61 (Ind. Ct. App. 2002) ("Pro se litigants are liable for attorney's fees when they disregard the rules of procedure in bad faith."), *trans. denied*). Here, Joseph was required to follow the rules of appellate procedure and failed to comply. In light of the lack of a developed cogent argument and the failure to cite to the record in accordance with Ind. Appellate Rule 22(C), we conclude that an award of damages, including appellate attorneys' fees, is appropriate in this case.

## *Conclusion*

For the foregoing reasons, we dismiss this appeal and remand for a determination of damages pursuant to Appellate Rule 66(E).

Dismissed and remanded.

Baker, J., and Riley, J., concur.