## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 30 2018, 9:56 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Nico Ross
Hammond, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Nico Ross,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | July 30, 2018<br><br>Court of Appeals Case No.<br>04A03-1707-IF-1724<br><br>Appeal from the Benton Circuit Court<br><br>The Honorable Rex W. Kepner, Judge<br><br>Trial Court Cause No.<br>04C01-1701-IF-2 |

**Mathias, Judge.**

[1]     Nico Ross ("Ross") appeals the Benton Circuit Court's imposition of a Class C infraction for speeding. We affirm.

# Facts and Procedural History

[2] On December 30, 2016, Benton County Sheriff Department Deputy Micah Wallace ("Deputy Wallace") activated his radar and clocked Ross driving at 88 m.p.h. in a 60-m.p.h. speed zone, pulled him over, and issued a speeding ticket. Deputy Wallace asked Ross to sign the ticket, but Ross refused.[1]

[3] Ross contested the ticket, and a bench trial was held on June 20, 2017. Ross argued that he was not speeding, and that he was driving "approximately between 45 and 50" m.p.h. Tr. p. 25. He stated that he would not have been speeding because he "had actually busted some of [his radial tires] . . . so [his] car would shake . . . so [he] was taking precaution." *Id*. However, Deputy Wallace testified that his speed radar detector clocked the vehicle traveling at 88 m.p.h. *Id*. at 12. Deputy Wallace also testified that the stop occurred at US 41 and Division Road, but other evidence indicates that the stop was at US 41 and 300 North.

[4] During trial, Ross's counsel moved to dismiss the case on the grounds that the signature on the ticket appeared to read "V-A-L-L-E" and not "W-A-L-L-A-C-E." *Id*. at 15. Counsel attempted to argue that "[e]verything that [the State] presented in the discovery was related to an officer Wallace, but they didn't present anything saying that this ticket was written by a V-A-L-L-E[,] and

---

[1] A copy of the actual ticket was not included in the appendix and therefore was unavailable for our review.

therefore they haven't proven the charge." *Id*. at 16. The court denied the initial motion and denied counsel's motion to reconsider.

[5] After the presentation of the evidence, the court concluded that "the State proved by a preponderance of the evidence that Nico Ross was traveling 88 mph in a 60 mph zone." Appellant's App. Vol II, p. 19–20. The court ordered Ross to pay a $149.50 fine on or before July 20, 2017. Ross now appeals.

## Discussion and Decision

[6] Traffic infractions are civil, rather than criminal, in nature, and the State must prove the commission of the infractions by only a preponderance of the evidence. *Rosenbaum v. State*, 930 N.E.2d 72, 74 (Ind. Ct. App. 2010) (citing *Slate v. State*, 798 N.E.2d 510, 520 (Ind. Ct. App. 2003), *superseded by statute on other grounds*), *trans. denied*.

[7] It is also well-settled that even though Ross is proceeding *pro se* in this appeal, he "will be held to the same established rules of procedure that trained legal counsel are bound to follow. Also, the fact that he is proceeding pro se does not excuse him from complying with appellate rules." *Foster v. Adoption of Federspiel*, 560 N.E.2d 691, 692 (Ind. Ct. App. 1990) (citation omitted).

[8] Initially, we observe that the claims Ross attempts to raise in this appeal center around his belief that Deputy Wallace committed perjury during trial. Specifically, Ross alleges that, in his incident report, Deputy Wallace cited the location of the stop at US 41 and 300 North, but during trial he testified it

occurred at US 41 and Division Road. Ross did not challenge this inconsistency during trial.

## I. Waiver of Alleged Errors

The arguments Ross attempts to raise in his brief are generally incoherent and are not cogently articulated, as required by Appellate Rule 46(A)(8)(a). "While we prefer to decide cases on their merits, we will deem alleged errors waived where an appellant's noncompliance with the rules of appellate procedure is so substantial it impedes our appellate consideration of the errors." *Shepherd v. Truex*, 819 N.E.2d 457, 463 (Ind. Ct. App. 2004) (citing *Thacker v. Wentzel*, 797 N.E.2d 342, 345 (Ind. Ct. App. 2003)).

Additionally, Ross's brief contains lengthy citations from the U.S. Constitution, Indiana statutes, and caselaw but fails to explain how these provisions and cases should be applied to the issues raised. The citation to authority that Ross includes in his brief does not directly apply to the facts and circumstances of this case. "On review, we will not search the record to find a basis for a party's argument, nor will we search the authorities cited by a party in order to find legal support for its position." *Young v. Butts*, 685 N.E.2d 147, 151 (Ind. Ct. App. 1997) (citation omitted). This court has stated:

> We demand cogent argument supported with adequate citation
> to authority because it promotes impartiality in the appellate
> tribunal. A court which must search the record and make up its
> own arguments because a party has not adequately presented
> them runs the risk of becoming an advocate rather than an
> adjudicator. A brief should not only present the issues to be

decided on appeal, but it should be of material assistance to the court in deciding those issues.

*Id*. (citation omitted).

[11] Ross has failed to comply with our Appellate Rules and present a cogent argument, other than his alleged *Brady* violation. For example, under what appears to be Ross's fundamental error argument, he states that his counsel did not object when Deputy Wallace gave allegedly false testimony. *See* Appellant's Br. at 28. But he does not argue a basis for making the objection. *Id.* Ross cites to Arizona jurisprudence and United States Supreme Court caselaw but has not offered any direction in application or interpretation of these standards to the facts of his case. These types of incoherent arguments and procedural errors are ubiquitous in Ross's brief, and thus he has waived his right to raise these allegations on appeal.

## II. Alleged *Brady* Violation

[12] However, Ross has cogently argued his claim that a *Brady* violation occurred. Ross argues that the State presented testimony from Deputy Wallace that was "not inclusive in the discovery and was omitted[,]" Appellant's Br. at 15, which he contends constitutes a violation of *Brady v. Maryland*, 373 U.S. 83 (1963). To prevail on a *Brady* claim[2], a defendant must establish: (1) that the prosecution

---

[2] Certain federal courts have concluded that *Brady* does not apply to certain civil cases that involve only money or damage to reputation. *See United States v. Edwards*, 777 F.Supp.2d 985, 997–98 (E.D.N.C. 2011) (stating that "established precedent supports application of *Brady*'s mandate in civil proceedings under extreme circumstances threatening fundamental liberty interests"). Here, Ross states that the interest at stake

suppressed evidence; (2) that the suppressed evidence was favorable to the defense; and (3) that the evidence was material to an issue at trial. *Shelby v. State*, 986 N.E.2d 345, 358 (Ind. Ct. App. 2013) (citing *Bunch v. State*, 964 N.E.2d 274, 297 (Ind. Ct. App. 2012), *trans. denied*), *trans. denied*. Evidence is "material" under *Brady* only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. *Id*. And a "reasonable probability" is a probability sufficient to undermine confidence in the outcome. *Id*. However, the State will not be found to have suppressed material evidence if it was available to a defendant through the exercise of reasonable diligence. *Id*.

[13]     Here, Ross claims that the "statements made by [Deputy] Wallace and known by Assistant Deputy Prosecuting Attorney Ms. Pitstick are inconsistent and ambiguous as to where the alleged violation actually occurred." Appellant's Br. at 15–16. Specifically, Ross argues that the original ticket indicated that the location of the stop was made at US 41 and 300 North, but during trial, Deputy Wallace testified that the stop occurred at US 41 and Division Road, and this inconsistency should have been disclosed during discovery. *See id.*

[14]     However, these facts and circumstances do not establish a *Brady* violation. First, *Brady* requires that information be suppressed. By definition, suppression of

---

is not only money. Rather it is his interest in maintaining a clean driving record, as he drives for a transportation company. Therefore, we will address his argument on its merits.

evidence means "[t]he prosecution's withholding from the defense of evidence that is favorable to the defendant." *Black's Law Dictionary* (10th ed. 2014).

Here, Deputy Wallace testified concerning his recollection of the location of the traffic stop during trial. Moreover, whether Ross was pulled over at US 41 and Division Road or US 41 and 300 North is not outcome determinative. Based on the Incident Report that was submitted, Deputy Wallace entered the location as US 41 and 300 N. Appellant's App. Vol. II, p. 10. Even if the location was different than what was originally cited, the evidence is still sufficient to conclude that Deputy Wallace clocked Ross driving above the speed limit. Ross has not established that there is a reasonable probability that the outcome of the proceeding would have been different had he known prior to trial that Deputy Wallace was going to testify that the stop occurred at US 41 and Division Road. Therefore, Ross has failed to establish that a *Brady* violation occurred. *See Shelby*, 986 N.E.2d at 358 (Ind. Ct. App. 2013).

## Conclusion

For all of these reasons, we conclude that the trial court did not err in imposing a Class C infraction for speeding.

Affirmed.

Riley, J., and May, J., concur.