## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 12 2018, 9:21 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Sean M. Adair
New Albany, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Sean M. Adair,<br>*Appellant*,<br><br>v.<br><br>Tiffany Martin,<br>*Appellee*. | December 12, 2018<br><br>Court of Appeals Case No.<br>18A-JP-1674<br><br>Appeal from the Floyd Circuit Court<br><br>The Honorable J. Terrence Cody, Judge<br><br>The Honorable Julie Fessel Flanigan, Magistrate<br><br>Trial Court Cause No.<br>22C01-1805-JP-33 |

**Brown, Judge.**

[1] Sean M. Adair, *pro se*, appeals the dismissal of his petition to establish paternity. We dismiss.

## *Facts and Procedural History*

[2] On May 4, 2017, Adair filed a Verified Petition to Establish Paternity, Custody, Child Support, and Parenting Time with respect to A.L.J. (the "Child") in the Clark Circuit Court under cause number 10C04-1705-JP-83. In August 2017, the Clark Circuit Court entered an order finding that Adair's petition was not timely filed and dismissed the petition.[1]

[3] On May 18, 2018, Adair filed a Petition for Paternity alleging that he was the father of the Child in the Floyd Circuit Court under cause number 22C01-1805-JP-33. The court scheduled a hearing for July 20, 2018. On June 20, 2018, the trial court entered an order which states:

> The Court takes judicial notice of the August 17, 2017 Order of Clark Circuit Count No. 4 in 10C04-1705-JP-83 dismissing that juvenile paternity matter involving the identical parties and issues presented in this case. This matter is hereby dismissed with prejudice and the hearing set for July 20, 2018 at 11:00 am is hereby vacated because this matter has been fully litigated and dismissed in 10C04-1705-JP-83.

June 20, 2018 Order.[2]

---

[1] Adair did not appeal from the August 2017 order.

[2] Adair filed a notice of appeal on July 2, 2018, and a brief on September 1, 2018. Tiffany Martin submitted a brief, which was stamped as postmarked on October 15, 2018. That same day, the Clerk entered a Notice

## *Discussion*

[4] We observe that Adair is proceeding *pro se*. A *pro se* litigant is held to the same established rules of procedure that trained legal counsel are bound to follow, and the fact that a litigant proceeds *pro se* does not excuse the litigant from complying with appellate rules. *Foster v. Adoption of Federspiel*, 560 N.E.2d 691, 692 (Ind. Ct. App. 1990). Although we prefer to dispose of cases on their merits, where an appellant fails to substantially comply with the appellate rules, then dismissal of the appeal is warranted. *Hughes v. King*, 808 N.E.2d 146, 147 (Ind. Ct. App. 2004). This Court has discretion to dismiss an appeal for the appellant's failure to comply with the Rules of Appellate Procedure. *See Miller v. Hague Ins. Agency, Inc.*, 871 N.E.2d 406, 407 (Ind. Ct. App. 2007) ("Although we will exercise our discretion to reach the merits when violations are comparatively minor, if the parties commit flagrant violations of the Rules of Appellate Procedure we will hold issues waived, or dismiss the appeal."), *reh'g denied*. Moreover, this Court "will not become an advocate for a party, or address arguments that are inappropriate or too poorly developed or expressed to be understood." *Basic v. Amouri*, 58 N.E.3d 980, 984 (Ind. Ct. App. 2016) (internal quotation marks omitted), *reh'g denied*.

[5] Adair has failed to comply with the requirements of the Appellate Rules. Appellate Rule 46(A)(5) governs the statement of case and provides that "[p]age

---

of Defect indicating that Martin must submit a new corrected brief with a motion to file a belated brief, which she has not done.

references to the Record on Appeal or Appendix are required in accordance with Rule 22(C)." Appellate Rule 46(A)(6) governs the statement of facts and provides that "[t]he facts shall be supported by page references to the Record on Appeal or Appendix in accordance with Rule 22(C)." Appellate Rule 46(8) governs the argument and provides that "[t]he argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning" and "[e]ach contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on, in accordance with Rule 22." Appellate Rule 22(C) governs references to the record on appeal and provides that "[a]ny factual statement shall be supported by a citation to the volume and page where it appears in an Appendix, and if not contained in an Appendix, to the volume and page it appears in the Transcript or exhibits, e.g., Appellant's App. Vol. II p. 5; Tr. Vol. I, pp. 231-32." Adair does not include any citation to the record in his statement of case, statement of facts, or argument. We also note that Adair did not file an appendix.[3] *See* Ind. Appellate Rules 49, 50.

[6] Adair has failed to advance his arguments with cogent reasoning or citations to relevant authority and the record. We find that addressing his claims on the merits would require us to make and advance arguments for him. Accordingly, we find that dismissal of this appeal is warranted. *See Keller v.*

---

[3] Adair submitted a 151-page document without a table of contents which states "This is the evidence that I have," and was stamped as postmarked on July 27, 2018. The Clerk sent Adair a letter indicating that the document had not been filed because it was procedurally improper.

*State*, 549 N.E.2d 372, 374 (Ind. 1990) (dismissing the appeal because of the appellant's failure to provide cogent argument with adequate citation of authority); *Basic*, 58 N.E.3d 980 at 982 (concluding that, because they violated numerous provisions of Appellate Rule 46 including the failure to present cogent argument, the appellants waived all issues for appeal).

### *Conclusion*

[7] For the foregoing reasons, we dismiss Adair's appeal.

[8] Dismissed.

Bailey, J., and Bradford, J., concur.